## FREDERICK W. CHANDLER AND OTHERS v. WILLIAM T. MECKLING.

In an action on an account against the estate of a deceased person, one item of which is a claim for the sale of one-third interest in a certain store, it is no valid objection to the petition, that it does not set out the articles, character of goods, price of each article, date of sale and delivery thereof, or any date when said goods were sold. The averment in the petition, of the sale of such interest, at the date specified, for the price agreed upon, held to be sufficient, in respect to such objection.

Such account having been presented to, and rejected by the administrators, it is not a sufficient objection to the petition, that it does not show that a bill of particulars was attached to the said account, nor that the items of the goods, and the dates of their sale, were given in the account.

---

Chandler v. Meckling.

---

The allowance by plaintiff, in his petition and account, of a credit in favor of the defendant, as follows—"By my indebtedness to the firm (not over the amount) $250"—is sufficiently definite, on exception thereto for vagueness and uncertainty.

As evidence tending to establish the items of an account, for an amount due on settlement for an interest in a store, alleged to have been sold by the plaintiff, and for cash paid by plaintiff to defendant's intestate, it was proper to admit the admissions of the debtor, that there had been a mercantile transaction between himself and the plaintiff, and that he was indebted to him something over eighteen hundred dollars; and that, at that time, (in the latter part of 1854 or early in 1855,) Vandever (defendant's intestate) accepted a draft drawn upon him by the plaintiff, for one thousand dollars, and remarked that, that was all that was due or payable at that time, of the eighteen hundred and odd dollars. The testimony was relevant, and tended to establish the allegation.

The rules laid down for the government of the Supreme Court on the subject of new trials, on the ground that the verdict is contrary to the evidence, are not applicable, in all their strictness, to the action of the District Court. That court can, and should wield a more liberal discretion in the exercise of this power, for the purpose of securing the substantial rights of the parties, than this court. The rules of this court are founded upon the assumption that the District Court has acted, and will act upon such liberal discretion..

Where there is a deficiency in the proof adduced to establish the cause of action, the true question must be: Is the evidence reasonably sufficient to satisfy the mind, of the truth of the allegations? Doubts as to this point, if they exist, may be thrown in favor of the verdict. But where it is clear, that the evidence adduced is not reasonably sufficient (under all the circumstances of the case) to satisfy the mind of the truth of the allegations, then the verdict should be set aside, on the proper motion being made.

Where it is made to appear, or is obvious to this court, that the above rule has not been observed by the District Court, it then becomes a proper subject of revision by the Supreme Court.

The facts proven in this case, held clearly insufficient to support the verdict.

Presumptions in favor of testimony, arising from the failure of the opposite party to rebut it, where it is obvious that the means to do so are readily accessible to him, do not hold so strongly against an administrator, as they might against his intestate, if living, in a matter in which he might be at fault, for want of a knowledge of facts necessary to enable him to make a full defence..

APPEAL from Travis. Tried below before the Hon. Alexander W. Terrell. Suit by appellee, against Frederick W. Chandler, William Vandever and Josiah Brantley, administrators of

the estate of Logan Vandever, deceased, appellants, brought on the following account:

Logan Vandever to W. T. Meckling, Dr.

| | | |
|---|---|---|
| Nov. 25th, 1854. To money paid J. R. Sweet & Co., | $1,000 | 00 |
| One-third interest in sutler's store, (on settlement,) | 860 | 00 |
| Cr. | $1,860 | 00 |

By draft drawn in favor of George Martin, $1,000 00
By my indebtedness to the firm, (not over
the amount,) - - - 250 00
— 1,250 00

Amount due me, $610 00
W. T. MECKLING.

Which account was duly presented to, and rejected by the administrators aforesaid, and attached to the petition as an exhibit duly authenticated. The petition averred that, on the twenty-fifth day of November, 1854, he paid to Messrs. J. R. Sweet & Co. one thousand dollars, at the request of said Logan Vandever, deceased; and that on the same day and year he sold and delivered to said Logan Vandever his (petitioner's) interest in a certain sutler's store, the property of said Logan Vandever and petitioner, which Vandever agreed to take, and pay to petitioner, for his interest therein, the said sum of eight hundred and sixty dollars. The petition admitted a payment made by Logan Vandever during his lifetime, of twelve hundred dollars, towards said account, and claimed a balance due plaintiff of six hundred and ten dollars. The petition alleged that the administrators rejected the said claim, on the fifth day of October, A. D. 1856. Petition filed January 27th, 1857.

The defendants filed a general exception to the sufficiency of the petition, and a general denial. They afterwards filed an amendment, setting forth special grounds of exception to the petition, as follows, to wit: The second item in the plaintiff's account sued on, to wit, for $860, "for the one-third interest in sutler's store, on settlement," which shows, if it

was a debt at all, that it was for goods, wares and merchandise, without complying with the statute by setting out the articles, and the character of the goods, the price of each article, the day of the month and year when they were sold or delivered, or in setting out any date at all when said goods were sold.

Because the original account presented by the plaintiff to the defendants for their acceptance, and made a part of plaintiff's petition, showed that it was not made out as required by the statute, to enable or compel defendants to accept the same ; because there was no bill of particulars attached to the account, neither was its absence in any way accounted for ; neither were the items, or their dates, to said account for goods, as required by statute, to compel defendants, as administrators, to accept said account.

Because the credit allowed to said account by the plaintiff was uncertain and indefinite.   Which exceptions were overruled.

On the trial, the plaintiff offered to read the deposition of George Martin, who deposed therein to admissions made by Logan Vandever, to the effect that there had been a mercantile transaction between himself and Meckling, and that he was indebted to him *something* over eighteen hundred dollars.   These statements were made to witness in the latter part of 1854, or early in 1855.   Witness stated, further, that at that time, Vandever accepted a draft drawn upon him by Meckling for one thousand dollars, and remarked that that was all that was due or payable, at that time, of the eighteen hundred and odd dollars.   To the reading of which as evidence the defendants objected, for the following reasons, as contained in the bill of exceptions :

1st. Because the testimony has no tendency to prove the first item set out in the account sued upon, (that of $1,000.)

2d. Because the account sued upon, to wit, the $860 for the one-third interest in a sutler's store, on settlement, which shows it was for goods sold, wares and merchandise, without complying with the statute by setting out the articles, and the character of goods, the price, &c., and the date of the sale and delivery of the same.

3d. Because there is no date to amount charged for one-third interest in said sutler's store.

4th. Because the witness, Martin, does not identify any particular indebtedness of the said L. Vandever to plaintiff.

5th. Because the testimony offered did not tend, and was insufficient to prove the account, without accounting for the vague and uncertain manner in which the account was made out.

Which exceptions were overruled, and a bill of exceptions tendered and allowed.

The plaintiff proved that Logan Vandever died in September, 1855; that letters of administration were granted upon his estate at the October Term, 1856, of the County Court of Burnett county. The other facts proven on the trial are those proved by witness, Martin, heretofore referred to, and are also sufficiently otherwise adverted to in the opinion. Verdict and judgment in favor of the plaintiff, for six hundred and ten dollars.

Motion for new trial, assigning among the grounds, that the verdict is contrary to the law and the evidence in the case.

*Chandler* and *Turner*, for appellants.

*I. A.. & G. W. Pascal*, for appellee, argued that the petition was as explicit as the nature of the case admitted, and as circumstantial as the strictest rules of pleading could require, and that the objection that the petition did not give a more full bill of particulars came too late after the administrators were sued. It should have been stated to Meckling, when the account was presented. The account was general for Meckling's interest in the sutler's store. If the administrator required a more explicit bill of particulars, he should have so stated to the creditor, in order that he might furnish it. (Trigg v. Moore, 10 Tex. Rep. 197.)

Also, that it was not necessary to the transaction between the parties, so far as concerned the sale of the plaintiff's interest in the store, that an invoice should have been taken, nor is it presumable that one was taken.

The only entry which the retiring partner could have made upon his books, if he kept any, would have been, to have charged Vandever personally with the fact of the transfer and the amount. The only entry which Vandever could have made, would have been, to charge himself to Meckling for the fact and price of the transfer. In no view, then, could the invoice have been useful or profitable. Even in the shape of a balance sheet, the stock in hand, and an account of the profits, would afford no safe guide as to the price to be paid for the retiring partner's interest ; the amount agreed to be paid would be the only guide. This was not a declaration upon an account stated, but an averment of cause, manner and instrument, time, place and circumstance, as explicit as the rules of the court have ever required.

An account stated, is where the parties have had mutual dealings, and come to a reckoning, whereby they respectively agree to the precise balance due by one party.

This court has ruled that, to support an action on an account stated, the party suing must go behind the mere stating of the account, and annex a bill of particulars which must produce the result. (Neyland v. Neyland, 19 Tex. Rep. 423.)

The jury were the exclusive judges of the sufficiency of the evidence. The instructions were right, and the court will not disturb the verdict.

ROBERTS, J. The exceptions taken to the petition and to the admissibility of plaintiff's evidence, are not deemed to be tenable. A more serious question is, whether the court below should not have granted the motion for new trial, on the ground that the verdict was contrary to the evidence.

The rules laid down for the government of the Supreme Court, on the subject of new trials for this ground, are not applicable, in all their strictness, to the action of the District Court. That court can and should wield a more liberal discretion in the exercise of this power, for the purpose of securing the substantial rights of the parties, than this court. The rules of this court are founded upon the assumption that the District Court has

acted, and will act, upon such liberal discretion. One of the substantial rights of the party defendant, when he takes the proper steps to demand it, is, that the facts alleged as a ground of action against him, should be established by proof reasonably sufficient. When there is proof reasonably sufficient, but which is opposed by evidence leading to a contrary conclusion, there is then presented a case of conflicting evidence, in which it is difficult, and often impracticable, for the court to interfere. Hence the rules (governing all courts) in relation to evidence greatly conflicting, have been established. The same difficulty, however, does not exist, where there is a deficiency in the proof adduced to establish the cause of action. It will not do for the court to say, that there is some evidence in support of the verdict, and it must stand. In such case, the true question must be, is the evidence reasonably sufficient to satisfy the mind of the truth of the allegations ?

Doubts as to this point, if they exist, may be thrown in favor of the verdict. But when it is clear that the evidence adduced is not reasonably sufficient, (under all the circumstances of the case,) to satisfy the mind of the truth of the allegations, then the verdict should be set aside, on the proper motion being made. Where it is made to appear, or is obvious to this court, that such rule has not been observed by the District Court, it then becomes a proper subject of revision by the Supreme Court.

We think it clear that the evidence was not reasonably sufficient in this case.

The plaintiff's claim embraces two items of account, to wit : money paid by plaintiff, Meckling, to Sweet & Co., at request of Vandever, $1,000 ; sale to Vandever, on special contract, of his partnership interest in the sutler's store, $860 ; amounting in gross to the sum of $1,860.

The admitted credits are $1,250, which reduce the claim, as presented to the administrator, to the sum of $610, for which a verdict was rendered for plaintiff, Meckling.

The evidence adduced to obtain this verdict was the deposition of George Martin, to the effect that at San Antonio, some

time in the latter part of 1854, or early part of 1855, he presented to Vandever, a draft drawn on him for $1,000, (which is one of the items of credit,) in favor of himself, Martin, which was accepted; that then and there he heard Vandever say that "there had been a mercantile transaction between himself and "Meckling, and that he was indebted to Meckling something "over eighteen hundred dollars;" and further, that the amount of this draft then accepted, ($1,000,) "was all that was due or "payable, at that time, of the eighteen hundred and odd dollars."

The considerations that arise upon and in connection with this evidence, are:

1st. The transactions involved in this suit must have transpired at a distance from the trial, the venue having been changed from Burnett county, where the administrator was sued; and the witness, being examined by interrogatories, was not present in court.

2d. The witness detailed the admissions of a deceased party, made in conversation nearly four years before the trial, concerning matters that the witness could have had no particular interest in noticing or recollecting minutely.

3d. The testimony does not prove the indebtedness of Vandever to have been $1,860, as alleged, but only "something over" $1,800. How much over, does this proof establish? It proves it to be ninety-nine dollars over as readily as one dollar over the $1,800. There can be no reason why "something over eighteen hundred," should be taken to mean exactly eighteen hundred and sixty; nor were the jury warranted in such conclusions by any other evidence in the case.

4th. The testimony shows that this indebtedness arose out of a mercantile transaction. The demand alleged comprises two distinct transactions, one of which might appropriately be styled a mercantile transaction; the other might, or might not. But apart from this discrepancy between the allegations and the evidence, this description of the indebtedness of Vandever, is general enough to apply to any one of any number of mercantile transactions that may be imagined, as well as to the two specified in the account, or either of them.

5th. The testimony shows that the claim for the balance of the indebtedness, after deducting the accepted order of $1,000, was not barred by the statute of limitations; but in doing this, it fails to show that such balance was due and payable, even at the date of the suit. The witness says that he, Vandever, said "that (the $1,000) was all that was due and payable at that "time, of this eighteen hundred and odd dollars." When was it due—before or after suit brought? It certainly was not due until some time after the date of this conversation. How long after—one month, one year, or five years? There is no evidence from which any inference can be drawn, that the time had elapsed when the suit was brought.

Added to these is the important consideration, that this is a suit against a deceased person's estate, defended by an administrator. Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means to do so are readily accessible to the party. An administrator is often at fault in the want of a knowledge of facts necessary to make a full defence, and hence, this presumption does not hold so strongly against him as against his intestate, if living. In such case, however, even where the parties are all living, a *primâ facie* case must be made out, before the opposite party can be called on to oppose it with rebutting evidence.

If this claim is a just one, the very nature of the items shows a strong probability, that it will not be difficult for the plaintiff to strengthen and give pertinent direction to this evidence, by additional facts, so as to secure a recovery of his debt.

Under all these considerations, we have no hesitation in expressing the opinion, that the evidence was clearly not sufficient to support the verdict, and that the court below should have granted a new trial, on the ground that "the verdict was contrary to the law and evidence." Judgment is reversed and cause remanded.

Reversed and remanded.