B. F. GILTNER ET AL. v. W. C. WATERS ET AL.

· (No. 324.)

TRESPASS TO TRY TITLE.

EVIDENCE.— It is well settled that where the testimony is conflicting the verdict will not be disturbed by this court unless, the preponderance of the evidence against the correctness of the same is so great as to authorize the court to declare it clearly wrong. It is not simply a technical rule of practice, but a principle underlying our judicial system, that the court would no more be justified in an invasion of the province of the jury in attempting to decide upon the credibility of witnesses and the weight to be attached to their testimony, than would the jury in assuming to decide what principles of law should be applied in any particular case.

APPEAL from Navarro county. Opinion by WATTS, J.

STATEMENT.— Petition filed by plaintiffs below, appellees here, to the March term, 1874, alleging ownership in certain

33

land therein described, a part of a tract of land, the original survey containing two-thirds of a league, and one labor; that defendants disturbed their peaceable possession, by claiming and publishing in the neighborhood that the boundaries claimed by plaintiffs are not the true boundaries of their possession; that plaintiffs' northern boundary is at another and different place from that claimed by the plaintiffs; exhibiting a map showing the conflict between the boundaries of the plaintiffs and defendants, who are adjoining proprietors, and praying that they, the plaintiffs, be quieted in their possession to the line to which they claim.

At the same term the defendants filed a demurrer. At the July term, 1874, the defendants filed a general denial to the allegations of the plaintiffs' petition; set out their claims to the possessions within the boundaries which they claim to be the true boundary, over two hundred varas south from where plaintiffs claim, and in this answer set out the further plea of estoppel, alleging that one Wm. M. Love, through whom the plaintiffs claim and derive their title, while he was owner of the possessions now claimed by plaintiffs, often stated publicly that the true boundary line of the land claimed by plaintiffs was where defendants allege it to be; that he thereby induced them to purchase and acquiesced in the occupancy of defendants, and those through whom they claim, to the line claimed by defendants to be the true boundary line, and that these facts were well known to plaintiffs when they purchased the adjoining lands; and further setting up the three, five and ten years' statutes of limitations.

At the March term, 1875, defendants, by way of amendment, filed another plea of estoppel, alleging the acts and declarations of Wm. M. Love, a former proprietor of the land claimed by the plaintiffs, to which plea of estoppel plaintiffs excepted; their exceptions were overruled and the parties went to trial, which resulted in a verdict and judgment for the plaintiffs, from which, after motion for new trial overruled, the defendants appealed.

The errors assigned and relied on by appellants will be stated in the opinion.

OPINION.— The contest in the court below was as to the true boundary line between adjoining surveys.

The appellees, who own the north half of the Goodloe survey, claim that the north boundary line of the same is something over two hundred varas further to the north than is claimed by appellants, who own portions of the Richardson, Ray and Good surveys, which adjoin the Goodloe on the north.

The Goodloe tract was surveyed December 5, 1839, the Richardson and Ray tracts were surveyed May 18, 1850, and the Good, May 30, 1850.

Appellees claim that the surveyor,.in making the three last mentioned surveys, encroached upon the Goodloe something over two hundred varas, while the appellants assert that the south boundary line of said surveys, as made and marked upon the ground in 1850, was the true boundary of the Goodloe survey.

The appellants rely for a reversal of the judgment mainly upon the proposition that the verdict is contrary to the evidence.

The peculiar and exclusive duty and province of the jury, assigned to and imposed upon them by law, is to ascertain and determine all questions of fact. And if, in the discharge of that duty, their determination is founded upon legitimate and competent evidence, the court would not be justified in interfering with and setting aside the verdict. Gibson v. Hill, 27 Tex., 241; Briscoe v. Bronaugh, 1 Tex., 340; Chandler v. Meckling, 22 Tex., 42; Ables v. Donley, 8 Tex., 336; Wells v. Barnett, 7 Tex., 587.

It has been frequently held that in order to justify the appellate court in setting aside the verdict of a jury, it is not sufficient that it does not appear clearly to be right, but it must appear to be clearly wrong. Tuttle v. Turner, 28 Tex., 757; Stroud v. Springfield, 28 Tex., 676; Stewart v. Hamilton, 19 Tex., 101.

Again in the case of Tarkington v. Broussard, 51 Tex., 553, it was held, in effect, that where the testimony was conflicting, the verdict will not be disturbed by the court, unless the preponderance of the evidence against the correctness of the same is so great as to authorize the court to declare it clearly wrong.

These are not simply technical rules of practice prescribed for convenience, and which may be disregarded at the pleasure of the court, but, on the contrary, are principles lying at the foundation of our judicial system, in which the court decides the law and the jury determines the fact, and each, in its own sphere, being independent of the other. The court would no more be justified in an invasion of the province of the jury in attempting to decide upon the credibility of witnesses, and the weight to be attached to their testimony, than would the jury in assuming to decide what principles of law should be applied in any particular case. In case of conflicting evidence it is the province of the court to consider and determine whether or not the verdict is sustained by the evidence.

If the line of the Goodloe was where it is claimed to be by appellants, then they would, independent of any limitation, own the strip in controversy; while, if the land is as claimed by appellees and determined by the jury, both parties being in possession of their respective surveys, the appellants could not avail themselves of limitation as to the land in controversy, except to the extent they had it inclosed. Angell on Limitations, sec. 384.

JUDGMENT AFFIRMED.