JOHN W. STARKWEATHER *vs.* EDWARD GOODMAN.

A builder made a written contract to furnish the materials and build a house for the defendant according to definite plans and specifications and for a fixed sum, all the materials and work to be accepted by an architect named, who was to superintend the construction. The builder, under the direction of the architect, did certain work variant from and in addition to the specifications, which increased the cost and value of the house. Held that the ordering of this work was beyond the scope of the architect's agency, and that the defendant was not liable to the builder for it.

When the house was nearly completed the builder gave the defendant a written statement of the extra work and materials, to which the latter made no objection at the time. Held that he was not estopped thereby from making the objection afterwards.

The extra work and materials had then gone into the building, and could not be withdrawn, so that, as to these extras, the builder was not led into any action resulting in loss to him by the defendant's failing to make the objection.

Some other extras were afterwards ordered by the architect and furnished by the builder; but it did not appear that the builder suggested at the time of exhibiting his first bill of extras to the defendant that more extras might be so ordered or that either party thought of the matter. Held that the defendant was not estopped, by his failure to object to the first bill, from denying the architect's authority to order the later extras.

The question whether the defendant intended, by not objecting, to influence the future action of the builder or was so grossly negligent that that intention would be imputed to him, and the further question whether the builder was influenced as to his future action by the defendant's conduct, were questions of fact and not of law, and the court below could alone pass upon them.

ASSUMPSIT for work and materials in the building of a house for the defendant; brought to the City Court of the city of Hartford and tried to the court, on the general issue, before *Bennett, J.* The court found the following facts:—

The claim was originally that of one A. D. Smith, by whom it had been legally assigned to the present plaintiff, who was the bonâ fide owner of it. The facts out of which the claim arose were as follows:—On the first of October, 1878, Smith entered into a contract in writing with the defendant, in which it was agreed that he should build for the defendant in the city of Hartford a house in accordance with certain plans and specifications, for the sum of $3,107. The specifications called for a wooden frame and clapboarded house. On the 15th of October, 1878, the parties entered

into an additional contract in writing, in which it was agreed that the house should be changed from a frame and clapboarded to a brick-walled house, with stone trimmings, and for this change Smith was to be paid the additional sum of $125. The first contract was as follows:—

"This contract between Edward Goodman and A. D. Smith, witnesseth: That the said Smith agrees to furnish all materials and do all work in the erection of a dwelling-house, to be built on the east side of Winthrop Street, according to the accompanying plans and specifications, said plans and specifications having been made for the said Goodman by O. H. Easton, who shall superintend the erection of said house; all materials and work to be to his acceptance; the house to be completed on or before the 15th day of April, 1879. The said Goodman reserves the right to make additions to or alterations in said house, as the work progresses, for which additions or alterations the said Smith shall add to or subtract from the contract price, as his interest shall appear, and for said house, when so completed, the said Goodman agrees to pay the said Smith the sum of $3,107, in monthly payments of seventy-five per cent. on the cost of materials put into and work done on said house, the balance of contract price when the contract is fulfilled; all payments to be made through the superintendent, who alone shall have power to receipt for said payments of money on the foregoing contract. In witness whereof, &c."

The time for completing the house was afterwards extended to May 1st, 1879.

Smith built the house under the superintendence and direction of Easton, in conformity with the contract and according to the plans and specifications, except in such particulars as Easton ordered otherwise. Sundry alterations and additions were made by Smith in the construction of the house, all of which were made by Easton's direction. These materially increased the cost of construction of the house, both in material and labor, and correspondingly enhanced its value as completed; and by reason of this extra work the house could not be completed within the time limited in the contract.

Smith completed the house in the latter part of May, 1879, and the defendant then accepted and took possession of it, and has continued in the use and occupation of it ever since.

Some time in the month of March, 1879, Smith gave to the defendant, at his request, a list of the items which he claimed were extras. That list included substantially all the items of extras up to that date. The defendant did not inform him that he had not ordered those extras.

Other extra work was performed after this, and upon the completion of the house the plaintiff presented to the defendant a bill in which was included a list of all the items of extra work substantially as now presented in his bill of particulars.

The defendant admitted that he assented to and ordered through Easton some of the items of extra work, to the amount of about $175, but claimed that all other extras, if ordered by Easton, were ordered without his knowledge and assent. The defendant personally gave Smith no orders regarding the construction of the house, except the order for the cutting of registers and the purchase of the range and for the wash-tubs, but whatever other orders and directions the defendant gave were given to Easton.

The extra work was performed in good faith on the part of Smith.

The defendant claimed and proved certain omissions and variations from the original plans, for which deductions should be made, and the sum of $73 should be allowed in the defendant's favor for the same.

Smith furnished materials and labor in the construction of the house to the amount of $4,043.06, after deducting the $73. The defendant has paid Smith the sum of $3,092.66, and there is now due to the plaintiff the sum of $842.40, with interest from June 1st, 1879.

Upon the trial the defendant claimed, and asked the court to hold as matter of law, that upon the facts proved and found he was not liable to the plaintiff for any extra work performed on the house, except for the admitted amount of $175; and that the plaintiff was liable to him in damages for not

completing the house within the time limited in the contract; but the court overruled these claims of the defendant, and rendered judgment for the plaintiff for the sum above stated.

The defendant brought the record before this court by a motion in error.

*E. Goodman* and *F. H. Parker*, for the plaintiff in error.

*A. F. Eggleston*, for the defendant in error.

PARDEE, J. A. D. Smith made a written contract to furnish all materials and do all the work necessary for the construction of a house for the defendant according to definite plans and specifications and for a fixed sum. O. H. Easton, the architect who drew the plan, was by the contract made superintendent of construction, and all materials and work were to be accepted by him. Easton ordered Smith to make certain changes in and additions to the plan. It is not found that the defendant instructed Easton to make these changes, or that he had knowledge of them until completed. Smith made them and thus increased the cost and value of the house. When completed the defendant took and has since retained possession of it. The plaintiff as assignee of Smith brought this action for payment for the labor and materials thus ordered by Easton, and having recovered judgment therefor in the City Court of Hartford, the defendant filed a motion for a new trial.

The contract sets forth the extent of Easton's agency for the defendant; he is only to see that the materials and workmanship are in accordance with the specifications. There remained no opportunity to Smith to extend that power by inference, and when he furnished materials for or performed labor upon the house in excess of the specifications upon the order of Easton, he assumed the risk of ratification by the defendant.

Nor is the defendant estopped from insisting upon this contract limitation upon Easton by the fact that when the house was nearly completed he received in silence a statement of work and materials not specified in the written contract,

which included some which he had not ordered; for these had been wrought into the building and were then beyond possibility of withdrawal by Smith, however strongly the defendant might have protested against payment for them. It is very clear therefore, that, as to these extras, Smith was not led into any action resulting in loss to him by the defendant's failing to make the objection.

But it is said that other extras were afterwards ordered by Easton and furnished by Smith, and that, whatever might be the effect of the defendant's silence upon the extras already furnished, he ought to be regarded, by reason thereof, as authorizing the extras afterwards ordered. But it does not appear that Smith at that time suggested to him that there might be other extras ordered by Easton, or that the matter was thought of by either of them. Besides, the question whether the defendant intended to influence the future action of Smith, or was guilty of such gross negligence that he could be chargeable with that intention, and the further question whether Smith was influenced by his conduct, were both questions of fact and not of law, and it is impossible for us to find these facts when the court below has failed to do so.

There is error in the judgment below, and it is reversed.

In this opinion the other judges concurred.