# Badders & Britt *v.* Davis.

*Arbitration of Pending Suit; Judgment on Award.*

1. *Arbitration of pending suit; failure to call in third arbitrator, and waiver thereof.*—When a pending suit is submitted to the arbitrament of two persons named, "they to call in a third man, whose award, when made according to law, is to be made the judgment of the court;" and the parties appear before the two persons named, and proceed with the trial without objection, and an award is rendered by the two, the failure to call in a third person is waived.

2. *Declarations of party, as evidence for him.*—In an action to recover for work and labor performed by plaintiffs in building a house for defendant, into which he moved before it was completed, his declarations at the time, tending to show that he did not thereby admit that the work was completed according to contract, are admissible evidence for him as a part of the *res gestæ;* but his subsequent declarations or statements, verbal or written, are not competent evidence for him.

3. *General objection to evidence.*—A general objection to a mass of evidence, a part of which is legal and admissible, may be overruled entirely.

4. *Alteration of written contract by parol.*—The rule is well settled in this State, that the parties to a written contract may, by mutual consent given orally, alter, modify, or rescind it, unless the contract be one which the law requires to be evidenced by writing signed.

5. *Same; contract for building house.*—Under a written contract by which plaintiffs undertook to build a house for defendant according to certain specifications, and at a specified price, containing a stipulation that "no new work done on the premises shall be considered as extra, unless a separate estimate in writing for the same, before its commencement, shall have been submitted by the contractor to the proprietor, and his signature obtained thereto," the parties may, by mutual assent given orally, make changes and alterations in the plan as the work progresses; if there is no agreement as to the cost of the alterations, the presumption is that no increase of cost is contemplated, and the contractor is entitled to recover on the contract as if the omitted work had been done instead of that substituted for it; but, if the new agreement fixes a higher price for the alterations, or substituted work and materials, he is entitled to recover the difference, although no written estimate was submitted and signed.

6. *Admissions against interest; proposal of compromise.*—Admissions made with a view to a compromise, or an amicable adjustment of a matter in dispute, are not admissible as evidence against the party making them; but a statement of account rendered by defendant to plaintiffs, charging himself with some items for extra work done by them for him, is not brought within this rule, because he testifies that it was done "in a spirit of compromise."

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by the appellants, suing as partners, against W. A. Davis and his wife, and was commenced

on the 6th July, 1888. The complaint contained a common count, claiming $560 for work and labor done by plaintiffs in building a house for defendant, on a lot particularly described; and also sought to enforce a statutory lien on the house and lot, for the work done and materials furnished, claiming $560 as the balance due. At the August term, 1888, an entry was made in the cause, as follows: "By agreement, this cause is submitted to the arbitrament of M. J. Miller and J. B. Goodwin, and they to call in a third man, whose award, when made according to law, [is] to be made the judgment of the court in this case." The award of Miller and Goodwin as arbitrators, dated September 13th, 1888, was filed in court on the 21st November. It recites the appearance of the parties before them, on the day appointed, with their attorneys and witnesses; that they proceeded to hear and determine the matter submitted; and that "our [their] decision and award is, that the plaintiffs do recover of said W. A. Davis the sum of $86.29." At the next ensuing term of the court, in February, 1889, the defendants moved to have this award entered up as the judgment of the court, and their motion was granted; but the judgment recites that the award is against "the defendants," and the judgment is so rendered. Nothing is said, either in the award, or in the judgment, about the statutory lien claimed by the plaintiffs.

No objection seems to have been made to entering up the award as the judgment of the court, nor was any bill of exceptions reserved to any ruling of the court; but the record contains a bill of exceptions signed by said arbitrators, which purports to have been reserved by the plaintiffs to the conclusion and award of the arbitrators, and to several of their rulings on evidence; and errors are here assigned on these several rulings. This bill of exceptions recites: "Defendant pleaded a special contract in writing between plaintiffs and defendant; and that plaintiffs had not performed their part of said contract; and that there had been no acceptance of said work or materials by defendant; and that defendant was not liable for extra work and materials, because the same had not been contracted for and agreed on, as provided in the 6th section of said written contract." The proceedings before the arbitrators, and their several rulings, are then set out as in a regular bill of exceptions reserved to the rulings of the court, showing the following with other matters: The plaintiffs were each duly sworn,

[Badders & Britt v. Davis.]

and offered in evidence an itemized account of the work done
and materials furnished by them in the construction of the
house, and of the partial payments which they had received;
showing debits in their favor amounting to $3,160, and credits
amounting to $2,599.68, leaving a balance of $560.32 due to
them.   They testified, also, that the defendants had moved
into the house, and were still occupying it as their residence;
and they introduced several witnesses, who testified that the
work done on the house, with materials furnished, was worth
$3,160, the amount charged in their itemized account.   "The
defendant then introduced in evidence the written contract
for the construction of said house, entered into by him and
said plaintiffs;" which was signed by both of them, dated
July 29th, 1887, contained the specifications of the work to
be done, and stated that the price to be paid was $3,000.
The sixth article, or stipulation of this contract, which is
mainly involved, is copied in the opinion of the court, and
it is unnecessary to repeat it.

"The evidence for the defendant tended to show that he
had never accepted the house, other than that on the 13th
December, 1887, he had moved into it with his family, by
the consent of plaintiffs, while they were still working on it,
and when only two rooms could be occupied, and was still
occupying it as a residence for himself and family; and for
the purpose of showing his refusal to accept the house, he
introduced a correspondence between himself and plaintiffs.
Plaintiffs objected to the introduction in evidence of defend-
ant's letters to them; which objection the arbitrators over-
ruled, and plaintiffs excepted."   The correspondence consists
of three letters written by plaintiffs to defendant, and six
letters written by him to them; the first letter being dated
January 21st, and the last July 8th, 1888.   It is unneces-
sary to state their contents.

It was admitted that alterations were made in the work
during its progress, and the matters in dispute seem to relate
mostly to the cost of these alterations.   "It was proved
that no separate estimate in writing, as provided by the .6th
article of said written contract, as to any of these changes,
or as to any item charged in plaintiffs' account as extra, was
ever submitted by plaintiffs to defendant; and that no certifi-
cate had ever been given by the architect, as provided by
said written contract.   Defendant testified, that he had told
plaintiffs to do the work as he directed—that he had the
right to make such changes under the contract, and was will-

[Badders & Britt v. Davis.]

ing to pay for any thing that was extra. He denied that he had ever agreed to pay any amounts to plaintiffs, except under the provisions of said written contract; but admitted that he had rendered plaintiffs a statement, in which he had charged himself with some of these items for extra work and materials; and said that this statement was rendered in a spirit of compromise, and for the purpose of making a settlement and avoiding litigation. Plaintiffs then introduced evidence tending to show that, in their account as stated and rendered to defendant, there appeared items charged for extra work and materials, outside of said written contract and specifications, to the value of $160, which said extra work and materials defendant directed and ordered plaintiffs to do and furnish, subsequent to the execution of said written contract, agreeing and promising to pay them, over and above the contract price ($3,000), what said extra work and materials were reasonably worth; and that they had performed said extra work, and furnished such extra materials on the house, at his request, and on his verbal promise to pay for it. Defendant then moved to exclude this evidence, on the ground that the plaintiffs' own evidence showed that they built the house under said written contract and specifications, except where the additions and alterations had been made on defendant's request, and that they had not submitted a separate estimate in writing for the same, and obtained defendant's signature to the same, as required by said written contract. The arbitrators sustained said motion, and excluded said evidence; to which plaintiffs excepted."

"Plaintiffs then offered in evidence an account rendered to them by defendant, in which he had charged himself with some of said items for extra work and materials, which were also included in plaintiffs' account sued on in this action; for the purpose of showing that defendant had admitted his liability for extra work, by rendering said account, and for the purpose of impeaching that portion of defendant's testimony wherein he stated that he had never agreed to pay any amount to plaintiffs except under said written contract. Defendant moved to exclude said statement, on the ground that it was made in a spirit of compromise, and to avoid litigation; which motion the arbitrators sustained, and excluded said statement, and plaintiffs excepted. Defendant then moved to strike out of the account all items for extra work and materials; which motion the arbitrators sustained, and the plaintiffs excepted. It was admitted, that defendant had

[Badders & Britt v. Davis ]

claimed, and plaintiffs had allowed him, an abatement of $86, for work and materials omitted at defendant's request. This being all the evidence, the arbitrators concluded, that the defendant's moving into the house, when and as he did, was not an acceptance of the building, and the written contract had not been waived; that plaintiffs could recover only on the written contract, and were entitled to recover $86.29; to which conclusion of law plaintiffs duly excepted."

The judgment on the award, and all the rulings of the arbitrators to which exceptions were reserved, are now assigned as error.

BROTHERS, WILLETT & WILLETT, for appellants.—(1.) The arbitrators erred in failing to call in a third person, as provided by the order of submission.—*Brewer v. Bain*, 60 Ala. 153. (2.) The defendants moved into the house, and are still occupying it as their residence. This was an acceptance, and entitled plaintiffs to recover on the common counts.—*Bell v. Teague*, 85 Ala. 211; *Merriwether v. Taylor*, 15 Ala. 735; *Hawkins v. Gilbert & Maddox*, 19 Ala. 54; *Thomas v. Ellis & Co.*, 4 Ala. 108; Bishop on Contracts, §§ 219–38; 2 Greenl. Ev., § 104. (3.) The parties had full power to alter, modify, or rescind the written contract, by mutual consent, or subsequent parol agreement, without any new consideration.—1 Greenl. Ev., §§ 303–04; Bish. Contracts, §§ 812–15; *Cofer v. McIlwain*, 58 Ala. 296; *Borum v. Garland*, 9 Ala. 452; *Thomason v. Dill*, 30 Ala. 444; 32 Ala. 368; 54 Ala. 126; 66 Ala. 548. That alterations were made by mutual consent, can not be doubted; yet the arbitrators limited plaintiffs' right of recovery to the written contract. (4.) Defendant's admissions were competent evidence against him, for the purposes mentioned.—1 Greenl. Ev., § 192; *Gibbs v. Wright*, 14 Ala. 465.

CASSADY & BLACKWELL, *contra*.—(1.) The failure to call a third person as arbitrator was waived, because not objected to. (2.) The defendant's removal into the house, which was on his own land, was not an acceptance of the work as completed, nor a waiver of performance as specified in the contract.—72 Amer. Dec. 442; 43 Amer. Rep. 373. (3.) The defendant was not chargeable with *extras*, without a compliance with the terms of the written contract.—2 Chitty on Contracts, 825; 40 Amer. Rep. 152; 71 Amer. Dec, 635.

STONE, C. J.—The order of submission to arbitration in this case was to two named persons, "they to call in a third man, whose award, when made according to law, to be made the judgment of the court." No third man was called in, but the two named arbitrators had the parties and their witnesses before them, heard the cause, and rendered their award. No objection was raised on the trial to the failure to call in the third arbitrator. Proceeding to trial before the two without objection, was a waiver of the right to have the third man called in.—*Chapman v. Ewing*, 78 Ala. 403.

The circumstances shown in the evidence tend very strongly to show that Davis, the proprietor, by moving into the house, did not admit it had been completed according to contract. We make this statement independent of the letters written by Davis; for his testimony, that he moved in before the contractors ceased to work upon the house, does not appear to have been controverted. His own letters, or declarations, however, unless written or spoken contemporaneously with the act of moving into the house, were not legal evidence he could introduce, for the purpose of rebutting or explaining any legitimate inference that could be drawn from the simple act of moving in.—1 Brick. Digest 843, §§ 553, 555, 557.

There is another rule applicable to the correspondence found in this record. Either party to a litigation may give in evidence the admissions or declarations of the opposite party, oral or written, if pertinent to the issue; and when necessary to their proper understanding, may, in case of oral admissions, prove the question or statement, if any, which called them out; or, in case the communication is in writing, may introduce in proof the letter which called out the reply.

Many of the letters found in this record were not admissible under any of the rules stated, above. But the objection was to all the letters indiscriminately, and as made, the arbitrators did not err in overruling it.—3 Brick. Dig. 443, § 570.

The most important question in this case arises under the sixth article of the written contract. That contract was entered into and signed by both parties before the work was begun. The sixth article, or provision of the contract, stipulates that "no new work done on the premises   .   .   . shall be considered as extra, unless a separate estimate in writing for the same, before its commencement, shall have been submitted by the contractor to the proprietor, and his

signature obtained thereto." A plan and specifications for the dwelling, prepared by an architect, formed the basis of the contract, and the agreement was to build in accordance therewith. The testimony tends strongly to show that, pending the construction, several alterations were agreed on between the parties, but not in writing. These alterations consisted of a change in the plan of the house, by omitting some things embraced in the specifications, and substituting others, and, in some instances, by supplying better and more costly materials in the place of inferior ones. We do not understand there is any denial that this oral agreement was made, and that the plan of the house was altered accordingly. This change involved, as we have said, the omission of certain parts included in the architect's plans, and replacing them with something else. The plaintiffs below—appellants here—claim that these changes worked a difference in the value of the materials and workmanship as furnished and done, of near one hundred dollars, above the work and materials for which they were substituted. And acting on the assumed binding effect of the agreed alterations, they prepared and presented their claim, in which they charged the proprietor with the materials and labor which they claim in excess of the architect's specifications, and credited him with such as were omitted in consequence of the change. The sum of the extras claimed is one hundred and sixty dollars, while the omissions credited foot up about sixty-four dollars, as we understand the figures. They claimed in the suit five hundred and sixty dollars, which would be the amount due them, if their postulates are correct. That is, if the alterations, as claimed, were agreed on; if the agreement was and is legally binding; if the alterations or substitutions were in fact made, and were of the increased value claimed; if the credits allowed be all to which defendant is entitled, and if the building was completed according to the contract as modified; then, it would seem, the plaintiffs were entitled to recover the sum demanded.

It is scarcely necessary to state, that if the substituted materials and workmanship were disallowed, because the agreed change was not reduced to writing and signed, the defendant should not have been allowed a credit for the items which were omitted pursuant to that agreement. To do so, would relieve him of payment, not only for the substituted parts, which we must consider were more desirable, but also from all liability for the omitted parts, which were rendered

useless by the work done under the terms of the plan, as agreed to be changed. Such a principle, carried to its utmost possibilities, might enable a proprietor to obtain gratuitously materials and workmanship for a completed dwelling, no matter how costly. But we have no means of ascertaining the principles on which the award was made up, farther than the expressed rulings of the arbitrators inform us. It may be, that they struck out the credits for the work omitted, and allowed to the contractors, for the work done in its stead, the same compensation they would have been entitled to, if the work had been done according to the plans and specifications of the architect. If they did so, their disallowance extended to the utmost limit which the provision of the written contract as to extras permitted. Until the claim of the contractors exceeded three thousand dollars, the price specified in the written contract, no change, either in materials or workmanship, could be classed as extra. The most that could be made of it would be, that, if done without Davis' consent, it would be a breach of their written contract to build according to the plans and specifications furnished. The clause against extras was inserted to regulate the manner of changing the plan agreed on, whenever such change involved an increase of compensation to the contractors. Till that limit is proposed to be transcended, clause six has no field of operation.

The testimony shows that, after the written contract was executed, alterations, both in the materials and workmanship, were orally agreed on between the proprietor and the contractors, and that such agreement was carried out in the construction of the dwelling. There is no conflict in the testimony, to this extent. As we have already shown, the work done pursuant to this agreement, if sufficiently done, must be accepted and treated as a compliance with the provisions of the written contract which it supplanted. If the substituted work exceeded in value the work omitted, then such excess must be classed as extra, to be considered further on. But the harmonious testimony goes no further than to show there was an agreement to change the plans and specifications in the particulars claimed.

The plaintiffs each testified that, in making the agreement of change, the defendant promised to pay for the increased value of materials and workmanship resulting from the change. The defendant, in his testimony, denied making

[Badders & Britt v. Davis.]

such promise. This presented an issue of fact for the arbitrators to pass on.

The bill of exceptions sets forth, that defendant moved before the arbitrators to exclude from their consideration all evidence of the alleged work done under the oral agreement, and defendant's promises and instructions in relation thereto; which motion the arbitrators sustained, and plaintiffs excepted. This ruling was manifestly an error, under the rule stated above. To the extent materials and work were furnished under the oral agreement in substitution for parts omitted, if properly done and completed, this was, *pro tanto*, a compliance with their contract; and for this reason the testimony should have been considered and weighed by the arbitrators. Was the ruling justifiable, even on the inquiry of extra charges in excess of the agreed price for the building?

The case of *Abbott v. Gatch*, 13 Md. 314—s. c., 71 Amer. Dec. 635—is relied on, as supporting the affirmative of this inquiry. The written contract in that case provided, that there should be "no extra charges . . . unless a written agreement be made and attached to the contract." In that case, alterations were made, by the consent of the contracting parties, and the contractor sued to recover extra compensation for alleged extra work done pursuant to oral instructions given by the employer. There was no testimony tending to show any promise made to pay for extra work. The inference is, that none was made. The court, in its opinion, said: "The claim is placed on the ground, that the defendant interfered with the work, by directing or authorizing these departures from the original design, and in some instances against the opinion of the plaintiff." The action was "for work done and materials furnished." It was ruled, that the plaintiff had no cause of action; and reasons were given for the ruling, which are, to some extent, applicable to this case. The opinion of the court might have been placed on a different ground—namely, that inasmuch as the contractor did not exact a promise of payment for the departure, as for extra work, and did not inform the employer that the change would entail extra expense, the latter might well infer that no extra charge would be made.

Other cases are relied on in support of the ruling of the arbitrators. *Starkweather v. Goodman*, 48 Conn. 101—s. c., 40 Amer. Rep. 152—is somewhat like *Abbott v. Gatch*, but it went off on the question of agency, without deciding the question we are considering. The two cases, *Miller v.*

[Badders & Britt v. Davis.]

*McCaffrey*, 9 Penn. St. 245, and *Bo. Cem. Co. v. Coburn*, 7 Md. Rep. 202, raised the question we are considering. In the first named case the ruling was, "that the defendants are not liable for the increased cost of the work, made with their assent or approbation, where there was no bargain as to the price, according to the terms of the contract; or, unless an express promise to pay the value of the work is proved." In the latter case it was decided, there could be no recovery for the extra work, it being an alteration, and the agreement and price therefor not being *indorsed upon the contract*, and there being no evidence of a promise by the owners to pay for the same."

In this State it has been very many times ruled, and must be treated as settled, that parties may, at pleasure, alter, modify, or rescind a contract, by mutual consent given orally, unless the contract be one which the law requires to be evidenced by writing signed; provided the alteration, modification, or rescission is supported by their mutual assent. 1 Brickell's Digest, 394, § 233; 3 *Ib.* 152, § 146; *Burkham v. Mastin*, 54 Ala. 122; *Cooper v. McIlwain*, 58 Ala. 296; *Robinson v. Bullock*, 66 Ala. 548; 1 Greenl. Ev. § 302; Bishop Contr. § 812.

We hold that, if the defendant promised to pay for extra work done at his request, and if such work was worth more, considering both materials and workmanship, than the omitted parts for which it was substituted, then plaintiffs are entitled to recover the difference. If he made no promise to pay, then the presumption arises that the alterations were agreed to be made, and were made, without extra charge.

The defendant testified that, as to some of the items claimed as extra, he embraced them in some of his writings "in a spirit of compromise." This is not an accurate statement of the rule of exclusion in such cases. We will not, however, extend this opinion by elaborating the rule.—See 1 Brick. Dig. 838, §§ 479 *et seq.*; *Jackson v. Clopton*, 66 Ala. 29; 1 Greenl. Ev. § 192.

We have not undertaken to interpret section 3233 of the Code of 1886. No argument has been made upon it, and we will leave its consideration until such time as, perchance, a solution may become necessary.

Reversed and remanded.