Inc. Town of Bono *v.* Universal Tank & Iron Works.

5-3647                                    395 S. W. 2d 330

Opinion delivered November 8, 1965.

*Bon McCourtney, Claude B. Brinton* and *Joe F. Atkins, Jr.,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

ED. F.McFADDIN, Associate Justice. Appellant, the Town of Bono (hereinafter called "Bono"), sought judgment against Universal Tank & Iron Works, Inc.[1] (hereinafter called "Universal") for $3000.00 as liquidated damages for breach of contract. Trial in the Circuit Court resulted in a finding and judgment for Universal; and Bono brings this appeal.

Some time in 1963 Bono decided to install a waterworks distribution system and retained Harold Smith & Associates of Hot Springs as architects and engineers. A large storage tank was an essential part of the water distribution system; and on August 26, 1963 Bono and Universal entered into a contract which provided that Universal would complete its entire contract by December 10, 1963. The contract was quite lengthy. One provision stated that time was of the essence; and another provision was for $50.00 per day as liquidated damages to be paid Bono should Universal fail to complete the contract by December 10, 1963. The provisions vital to this appeal relate to the power of the architect/engineer.

Universal let a subcontract to Hedger to construct the concrete foundation of the storage tank; and on October 9, 1963 it was discovered by Universal that the foundation constructed by Hedger was defective. A new foundation was constructed and this was not completed until November 18, 1963. About the time Universal completed the construction of the storage tank on the foundation, bad weather conditions existed so that it was not until February 10, 1964 that Universal completed the painting of the tank inside and out, as required by the contract, and made tender to Bono of the completed work. This last mentioned date was 60 days after December 10, 1963, the contracted date for complete performance by Universal. Bono claimed its liquidated damages of $50.00 per day, or $3000.00 for the delay in delivery; and filed this action for said amount.

---

[1] The Maryland Casualty Company, as surety on the performance bond of Universal, was also a defendant in the Court below, and is an appellee here, but we will state the case as though Universal was the sole defendant below and the sole appellee here.

Among other defenses pleaded by Universal were: (a) waiver of the time limit by the architect/engineer; (b) bad weather conditions as an act of God excusing delay; and (c) absence of any damages suffered by Bono. The finding of the Circuit Court, without a jury, was in favor of Universal on the first point; that is, that the architect/engineer had the power to waive and did waive Universal's delay in completing the contract. We confine this Opinion to that issue.

The architect/engineer stated that the President of Universal called him on October 24, 1963 and asked about the delay caused by the defective foundation for the tank. The architect testified: "Mr. Reese specifically inquired if it would be necessary for him to make a formal written application for an extension of time to complete construction of the elevated storage tank, and, under Paragraph 35 of the Contract, I advised Mr. Reese that no formal written application would be necessary, that I would take care of the matter." Mr. Reese, the President of Universal, testified: "I specifically inquired of Mr. Smith if it would be necessary for me to make a formal written application for extension of time to complete the construction of the elevated tank and Mr. Smith advised me that this would not be necessary, that he (Mr. Smith) would take care of the matter. I relied on Mr. Smith's advice and took no further action to secure an extension of time; as far as I was concerned the extension had been secured from Mr. Smith." On the other hand, the Mayor of Bono testified that he never received any formal written notice of or any application from Universal for any extension of time for the completion of the work; and it was also shown that Universal received $1200.00 extra money from Hedger Brothers because of the defective work, and tendered no part of that to Bono.

In Paragraph 19 of the contract it was provided, *inter alia.*

"If the said Contractor shall neglect, fail or refuse to complete the work within the time herein specified, *or any proper extensions thereof granted by the Owner,*

then the contractor does hereby agree, as a part consideration for the awrading of this contract, to pay to the Owner the amount specified in the Contract, . . . ." (Emphasis supplied.)

Paragraph 35 of the contract between Bono and Universal contained this provision:

"ARCHITECT'S/ENGINEER'S AUTHORITY. The Architect/Engineer shall give all orders and directions contemplated under this contract and specifications relative to the execution of the work. The Architect/ Engineer shall determine the amount, quality, acceptability, and fitness of the several kinds of work and materials which are to be paid for under this contract and shall decide all questions which may arise in relation to said work and the construction thereof. The Architect/Engineer's estimates and decisions shall be final and conclusive, except as herein otherwise expressly provided. In case any question shall arise between the parties hereto relative to said contract or specifications, the determination or decision of the Architect/Engineer shall be a condition precedent to the right of the Contractor to receive any money or payment for work under this contract affected in any manner or to any extent by such question. "The Architect/Engineer shall decide the meaning and intent of any portion of the specifications and of any plans or drawings where the same may be found obscure or be in dispute. Any differences or conflicts in regard to their work which may arise between the Contractor under this contract and other Contractors performing work for the Owner shall be adjusted and determined by the Architect/Engineer."

The question here is whether, under Paragraphs 19 and 35, as above copied, the architect/engineer had the power and authority to waive, on behalf of Bono, the time specified for performance. Certainly there was no express provision in the contract that gave the architect/ engineer any such power; and we conclude that the architect/engineer possessed neither the express nor implied power to bind the Town of Bono to such waiver. In 6 C. J. S. p. 301, "Architects" § 7, in discussing the au-

thority and powers of an architect generally, cases are cited from various jurisdictions to sustain this statement: "An architect is generally held to be an agent with limited authority and not a general agent. . . . . Hence the powers and authority of an architect are limited by the general rules of agency. . . . Accordingly, in the absence of express authority, he cannot bind his employer by contracts for any work upon or materials furnished the structure for which he is employed. . . . Likewise, in the absence of express authority, an architect is not authorized to. . . . accept notice. . . ." In 5 Am. Jur. 2d, p. 668, "Architects" § 6, cases are cited to sustain this statement: "When engaged in supervising the construction of a building as an agent of an owner, an architect's ordinary authority is a limited one. He has no authority, . . . . to bind his principal by a contract respecting the erection of the building or the performance of work upon it, or to modify the existing contract between the owner and the builder. . ." The following cases support the quoted statements in Corpus Juris Secundum and American Jurisprudence 2d: *Adlard* v. *Muldoon*, 45 Ill. 193; *Starkweather v. Goodman*, 48 Conn. 101; *McIntosh* v. *Hastings* (Mass.), 31 N. E. 288; *Mallard* v. *Moody* (Ga.), 31 S. E. 45; *McNulty* v. *Keyser* (Md.), 76 A. 1113; *Guarantee Title v. Willis* (Ariz.), 297 P. 445; *Jungclaus* v. *Ratti* (Ind.), 118 N. E. 966.

In *Sanitary District* v. *McMahon*, 110 Ill. App. 510, the Illinois Court of Appeals specifically held that a provision in a contract, giving an engineer power to direct and superintend the execution of the contract, did not give him a general power to change the terms of the contract, or to extend the time for completing the work beyond the time fixed by the contract. In *Volquardsen* v. *Davenport*, 141 N. W. 432, the Supreme Court of Iowa used this language:

"The architect's authority is limited. He may not direct the work to be done otherwise than is provided by the plans and sepcifications, except as he has been given authority to do so therein or by the contract. Unless so authorized, he is powerless to relieve the contractor from

complying with his undertaking in order to make it easier for him or for any other purpose, if this be detrimental to the owner.''

Under the record before us, there was no provision in the contract that gave the architect the power to accept notice of delay and bind Bono to the architect's agreement for extension; and the Trial Court was in error in so holding. For that reason, the judgment must be reversed and the cause remanded for a new trial on the other issues presented in the case.

We forego any holding: (a) as to whether the contract provision for liquidated damages was reasonable, or was a penalty; (b) as to whether the weather conditions excused some delay; or (e) as to whether the $1200.00 which Universal received from its sub-contractor Hedger should, at all events, be the amount to which Bono is entitled. These questions were not decided by the Trial Court and the cause must be remanded for a new trial on these and all other issues, except as to the points decided in this Opinion.

Reversed and remanded for a new trial.