THOMAS DWYER v. THE CONTINENTAL INS. CO.

(Case No. 4466.)

1. CHARGE OF COURT — BURDEN OF PROOF.— In an action for loss upon a fire insurance policy, on which the defendant pleaded that the fire was not accidental, but caused by the insured, *held* error to charge the jury that the burden of proof was on the plaintiff to show "that the loss was an honest one; that is, that it was owing to causes not traceable to the insured or his agency."

2. PRESUMPTION.— There is no such presumption that the owner of insured property burns, or causes it to be burned, whenever it is lost by fire. The contrary presumption does exist.

3. PRACTICE — EFFECT OF ERROR IN CHARGE.— That the testimony may preponderate in favor of the verdict, will not sustain it when an erroneous charge may have influenced the jury in the finding.

APPEAL from Washington. Tried below before the Hon. I. B. McFarlane.

The facts are sufficiently stated in the opinion.

*Seth Shepard* and *C. C. Garret*, for appellant.— The burden of proof was upon the defendant to show the fraudulent burning of the stock of goods by the act or procurement of A. M. White, the insured.   Sibley *v.* Insurance Co., U. S. C. C., Dist. Illinois (1879), 8 Reporter, p. 808; Mack *v.* Insurance Co., U. S. C. C., Dist. Mo. (1880), 10 Reporter, p. 800; Abbott's Trial Ev., pp. 494–5 and notes; id., p. 482, sec. 9; 2 Greenl. Ev., §§ 408 and 398; 1 Greenl. Ev., § 80; May on Insurance, §§ 583, 586, 588; 1 Whart. Ev., §§ 358 and 357; 2 id., § 1245; Stephen's Dig. Ev., 2d Eng. ed., pp. 97–8, art. 94; 2 Phill. on Ins., § 2154; Cassacia *v.* Ins. Co., 28 Cal., 628; Washington Ins. Co. *v.* Wilson, 7 Wis., 169; Schmidt *v.* Ins. Co., 1 Gray (Mass.), 529; Ferris *v.* Ins. Co., 1 Hill (N. Y.), 71; Wright *v.* Ins. Co., 38 Wis., 522.

*Breedlove & Ewing*, for appellee.

I. Under our system, the effect of a general denial is to throw upon the plaintiff the burden of proof of his whole case, and require the plaintiff to prove the truth of every averment material to his cause of action, the statement of which is essential to show a good cause of action.   In this case the record discloses that the plaintiff alleged (omitting formal allegations): 1. The contract of insurance.   2. The transfer of the policy from White, the assured, to the plaintiff.   3. A loss by fire not originating from any cause enumerated in the exceptions mentioned in the policy.   4. And the amount of the loss; and the record further discloses that plaintiff offered evidence to establish all of these averments found in his pleadings.   11 Tex., 649; 9 Tex., 613; 11 Tex., 692; 1 Tex., 447; 12 Tex., 93; 20 Tex., 48, 440; Abbott's Trial Ev., p. 482, subdivisions 9 and 10, and cases there cited; id., 488, subd. 18.

II. Under our system of practice, a general denial puts the plaintiff upon the proof of his cause of action by evidence, whatever else the defendant may have pleaded.   Each plea presents a separate issue.   21 Tex., 632–3; 16 Tex., 222; 17 Tex., 41; 5 Tex., 535.

III. Under our system of practice, special pleas are admissible, and sometimes necessary, in order to let in proof; but special pleas do not change the rule as to the burden of proof.   The record discloses that the defendant replied by both a general denial of all the material facts set up by plaintiff; and in addition thereto, by special pleas as to the cause of the fire, and the extent of the loss sustained; and the record further discloses that all of the allegations were sought to be supported by plaintiff and sought to be broken down by defendant.   2 Tex., 206; 3 Tex., 10; 21 Tex., 632–3.

IV. The burden of proving a loss from a cause and to an amount for which the insurers are liable, is upon the assured. Abbott's Trial Ev., p. 488, subd. 18 (Loss); 107 Mass., 140; 9 Am. Rep., 14, and cases there cited; Abbott's Trial Ev., p. 494, 31 (Charge of Crime), and cases there cited. As to preponderance of evidence, and to the effect that a defense of this nature does not put character in issue, 1 Gray, 529. As to preponderance of evidence, see Am. Rep., vol. 23, p. 239; vol. 21, p. 223; vol. 20, p. 752, and vol. 19, p. 747.

V. Although an instruction or charge of the court may be erroneous, it must be shown to have operated some actual and positive injury to the appellant; and this can only be done by showing that on the facts proved he was entitled to a judgment in his favor. 3 Texas Law Jour., 619; 44 Tex., 544; 22 Tex., 217; 11 Tex., 649; 3 Tex., 147; 2 Tex., 297; 16 Conn., 450; 11 Wend., 83; 32 N. H., 186; 1 Ohio St., 66; 3 Neb., 357, 369; 26 Me., 453; 16 Barb., 386; 83 Ill., 204; 47 Md., 156; 67 Mo., 313; 15 Ga., 277; 33 Pa. St., 501; Wilkinson v. Paine, 4 Tex., 468; 5 Minn., 339; 26 Miss., 282; 11 Wheat., 59; 32 Miss., 126; 1 B. Mon., 46; 44 Miss., 213; 44 Miss., 732; 3 Texas Law Jour., 619; 51 Tex., 514; 49 Tex., 622; 44 Tex., 548; 42 Tex., 220; 40 Tex., 112; 28 Tex., 635; 22 Tex., 220; 12 Tex., 266; 10 Tex., 137; 2 Tex., 287.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by Thomas Dwyer, as the assignee of A. M. White, against the Continental Insurance Company, to recover upon a policy of insurance issued to White to cover loss by fire upon a stock of goods.

Amongst other defenses, the appellee pleaded that the goods were burned by White or his agent for the purpose of defrauding the insurance company.

The cause was tried by a jury, and there was a verdict and judgment for the insurance company.

The evidence bearing upon the defense above indicated was conflicting, and the court charged the jury as follows: "The burden of proof is with the plaintiff, and the jurors are the exclusive judges of the facts, of the evidence, of the weight of evidence, and of the credibility of the witnesses;" and that "the burden of proof is on the plaintiff in this cause on the following points: 1st, as to the existence and contents of the policy of insurance sued on; 2d, as to the value of goods on hand and destroyed by fire; 3d, that the loss was an honest one; that is, that it was owing to causes not traceable to A. M. White nor to his agency."

The appellant asked the court to instruct the jury as follows: "The defendant having charged as matter of defense that the fire was fraudulently caused by the act or procurement of A. M. White, the burden of proof is upon the defendant to show that the fire was caused by the fraudulent act or procurement of said A. M. White;" which was refused. These matters are assigned as error.

There is nothing in the contract of insurance which takes it out of the ordinary rule in an action to recover the amount of a loss covered by a policy. The general rule is, "that the obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue." 1 Greenl., 74.

Such is the rule in this case. 2 Greenl., 408; 1 Gray, 534; 2 Phillips on Ins., 674; May on Ins., 583; Sibley v. St. Paul F. & M. Ins. Co., 8 Reporter, 809.

The court in effect instructed the jury that they must find for the defendant unless the plaintiff produced a preponderance of evidence to show that the insured property was not burned by A. M. White or his procurement. This was error, unless the presumption is that the owner of insured property burns, or causes property to be burned, whenever it is lost by fire. There is no such presumption, but the contrary presumption does exist.

It is contended that the preponderance of evidence is so greatly in favor of the proposition that the insured property was burned by White or his agency, that the judgment should not be revised, even if the court did err in giving and refusing the charges above referred to. We are not authorized to nicely weigh the evidence, and to dispose of the case as a jury might have done under proper instructions. The appellant was entitled to have the jury pass upon the evidence under a proper charge.

The other matters assigned as error need not be considered, as they will not probably arise upon another trial. For the error of the court in giving and refusing charges referred to, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 12, 1882.]