(48 Misc. Rep. 500)

### NEW YORK METAL CEILING CO. v. LEONARD.

(Supreme Court, Appellate Term.    November 24, 1905.)

1. BILLS AND NOTES—ACTIONS—DEFENSES—BURDEN OF PROOF.

   A party seeking to impeach a note valid upon its face for want of consideration has the burden of affirmatively establishing the defense.

   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1654.]

2. APPEAL—REVIEW OF FACTS—WEIGHT OF EVIDENCE.

   A judgment for defendant will not be disturbed on appeal because of an apparent preponderance of the evidence in favor of plaintiff.

   Ed. Note.—For cases in point, see vol. 3, Cent Dig. Appeal and Error, §§ 3979–3992.]

3. WORK AND LABOR—PERFORMANCE OF EXTRA WORK—IMPLIED LIABILITY.

   Where defendant, who was conversant with carpentering and building, was at his place of business every day while plaintiff was there doing extra work and furnishing extra material not called for by the contract under which he was employed, and consequently must have seen plaintiff doing such work and furnishing such material, he was impliedly liable for the value thereof, although he did not give any specific order directing it to be done.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the New York Metal Ceiling Company against John J. Leonard. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Cromwell G. Macy, for appellant.

Charles Waldron Clove, for respondent.

MacLEAN, J.  By an agreement in writing the plaintiff undertook to cover with metal the ceiling and side walls of a new hall attached to the saloon of the defendant on Coney Island avenue for $700, the "terms of payment to be as follows: When the metal work is three-quarters done, $250 in cash; the balance to be given in two notes, one for 30 days and one for 60 days." Passing by the ambiguity in these terms of payment, the main controversy here is over a note for $125 given in renewal of a preceding one, also a renewal, the original whereof the defendant claims was without consideration because of alleged noncompletion by the plaintiff of the work undertaken as above.  Upon the question of completion or substantial completion of the work the contradictions were sharp and the conflict direct, with preponderance apparently in circumstantiality and in number of witnesses in favor of the plaintiff, particularly as impeachment, for want of consideration, of the note valid upon its face was a defense to be established affirmatively by the party alleging it, and because the defendant, formerly a carpenter, had not spaced the hanging ceiling as required and that the side studding to which the metal was nailed was wide apart. Still the judgment would not be disturbed here for that appearance.

Otherwise is it, however, as to extra work and material in ceil-

ing a partition, for the reasonable value of which, as $50, evidence was given, but for which the jury allowed nothing, seemingly accepting the defendant's contention that failure to prove a specific order therefor from the defendant or more than a verbal direction from the architect precluded recovery therefor. It being in evidence, however, without gainsaying, 'that the defendant, professedly conversant with carpentering and building, was at his place every day, and so must have seen the extra work and material applied, and so permitted it, he is impliedly liable to pay for it under the rule that, if a person allows another to work for him under such circumstances that no reasonable man would suppose that the latter means to do work for nothing, he will be liable to pay for it. The doing of the work is the offer; acquiescence in its being done is the acceptance. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.