It is ordered that defendant in error pay all costs incurred in this proceeding.

HAWKINS, J., not sitting.

========

SMITH v. BRUYERE.

(Court of Civil Appeals of Texas. Austin.
Nov. 27, 1912. Rehearing Denied
Jan. 15, 1913.)

1. CONTRACTS (§ 232*)—PERFORMANCE—BUILDING CONTRACTS—ADDITIONAL WORK—RIGHT TO COMPENSATION.

Though plaintiff expressly contracted to superintend the construction of a building in consideration of a lump sum, if the owner made changes during the progress of the work requiring a longer time to complete the building than originally contemplated, and plaintiff did the extra work with the owner's knowledge, he could recover compensation therefor, though the owner did not act fraudulently in making the changes, and hence evidence of the final cost of the building and the time required to complete it was admissible in an action for plaintiff's services.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

2. CONTRACTS (§ 232*)—BUILDING CONTRACTS—EXTRA COMPENSATION.

Where changes in a building made by the owner necessarily entailed extra service by one contracting to superintend the construction of a building for a certain sum, such contractor need not give the owner notice that he expected additional compensation for his additional services in order to recover therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST.

A requested charge was properly refused if embraced in the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by E. H. Bruyere against N. K. Smith. From a judgment for plaintiff, defendant appeals. Affirmed.

Scott & Ross, of Waco, for appellant. Gallagher & Stratton, of Waco, for appellee.

RICE, J. This suit was brought by appellee against appellant to recover extra compensation for personal services rendered by him, alleging that he entered into a contract with appellant on the 1st of July,

1909, to superintend the construction of a certain residence that appellant contemplated building on his lots situated on the corner of Fifteenth and Columbus streets, in the city of Waco, in accordance with a plan then and there exhibited to him by appellant, which building appellant represented would cost between $17,000 and $20,000, and require about six months to complete; that, making his estimate upon said representations of appellant, he agreed to perform such service for the sum of $1,250; that during the progress of said work appellant from time to time made many and substantial alterations in said plans, and also erected other and additional improvements upon said lot, all of which appellee superintended at appellant's instance which required and took much more of appellee's time than was contemplated under the original contract; and that instead of costing from $17,000 to $20,000, as represented, said work cost at least $50,000, for which extra time and service appellee sought compensation upon a quantum meruit. Appellant replied by general denial and by special answer, to the effect that the total compensation that appellee was to receive for his services was the sum of $1,250, which contemplated his superintending the entire job until the buildings were completed and ready for occupancy, irrespective of the time required to finish it. There was a jury trial, resulting in a verdict and judgment in behalf of appellee for the sum of $1,546, from which this appeal is prosecuted.

The evidence on the part of appellee showed that the building was not constructed in accordance with the plans submitted at the time of the execution of the contract, but, on the contrary, that appellant, from time to time, made many and substantial changes therein, and directed additional work, not shown on the plans, including among other things certain pergolas, walks, and a garage; that these changes and additions required a much longer time than was originally contemplated to construct the building under the contract, to wit, 9⅓ months, and required the expenditure of a greater amount of money, to wit, about $50,000. There was also evidence tending to sustain appellant's contention as to the character of the contract, and both of these phases of the case were submitted to the jury in an admirably clear and succinct charge.

[1] Appellant complains, however, in his eighth assignment, that the court erred in permitting the introduction of any evidence as to length of time required to build said house and construct said improvements, or as to the amount of money expended in the construction thereof, for the reason that neither time required to construct the buildings nor the amount of money necessary was of the essence of the contract. It is insisted by appellee in reply that when a con-

tract is made to do a particular work for a lump sum, and during the progress of such work material changes in and additions thereto are made, at the instance and request of the owner, the law implies a promise to pay reasonable compensation for the additional time and labor required on account of such changes and additions. This is a familiar proposition and well sustained by the text-writers and the decisions. In volume 2, § 785, Page on Contracts, it is said that: "If A. has agreed with B. to perform a certain definite contract for B., without giving his entire time to B.'s employment, A. may recover for services rendered by him in addition to those specified in the contract, if B. either requests A. to render such extra services or voluntarily accepts the benefit of them, when B. knows, or should know, that A. expects compensation therefor. Extra work done while performing a building contract is a common illustration of this principle." See, also, authorities cited by said author in support of the text.

Again, in 6 Cyc. p. 76, subd. 3, we find this language: "It is well settled that a builder ordered to do extra work, whether caused by changes from the original plan, or by work that is in some way connected with the original contract, though substantially independent of it, is entitled to compensation therefor if the circumstances are such as the proprietor must know the work will cause extra labor and expense to the builder, not contemplated by either party in the original contract, unless the original contract expressly provides otherwise. It must, however, clearly appear that the work for which the extra compensation is demanded was not embraced in the original contract of employment or in the duties thereby imposed."

In Childress v. Smith, 37 S. W. 1076, it is held that no express agreement to pay for extras is necessary where the work is ordered by the owner.

In Percy v. Peyroux, 5 Rob. (La.) 179, it is said: "And thus an employer must pay for extra work, even if he did not order it, when he was daily at the building and must have seen it and did not forbid it." See, also, Buckler v. Kneezell, 91 S. W. 367–369; City Street Imp. Co. v. Kroh, 158 Cal. 308, 110 Pac. 933–940; N. Y. Metal Ceiling Co. v. Leonard, 48 Misc. Rep. 500, 96 N. Y. Supp. 187.

Notwithstanding that there was an express contract on the part of appellee to do certain work for appellant for a certain amount, yet if appellant, during the progress of the work saw proper to make changes and additions therein, which required a greater length of time to complete the building and improvements than originally contemplated, thereby imposing greater duties upon appellee, and he performed the extra service with the knowledge and at the instance of appellant, then appellant was bound to pay a reasonable compensation therefor; and it became necessary, in view of his contention in this respect, to show the character and kind of work done in addition to that contemplated by the original contract, in order to sustain his contention by any relevant evidence, for which reason it was not error on the part of the court to permit the introduction of such evidence. This assignment is therefore overruled.

By his first assignment appellant urges that the court erred in refusing to give a special charge to the effect that if the defendant did not intentionally deceive appellee as to the character of the building, or as to the time required to complete it, then they would find for him. The court did not err in refusing this charge, for the reason that the cause of action was not based upon deceit, but on an implied promise on the part of appellant to pay the reasonable value of the additional services required by reason of the changes and additions made in the original contract at the instance of the owner. Nor was it the duty of appellee, as contended by appellant, to inform him that he would demand additional compensation for such extra work before he was entitled to recover therefor, because, by directing the work and accepting the benefit thereof, the law implies an obligation on his part to pay reasonable compensation therefor, and it was not the duty of appellee to inform him in advance that he expected such compensation.

[2] It is held in Badders v. Davis, 88 Ala. 367, 6 South. 834, that, where changes will necessarily entail extra expense, no notice to the owner that the contractor will expect additional compensation therefor is essential to entitle him to recover. It appears from the evidence that appellant not only directed the work in question, but was about the building a great deal during the progress of the work, saw and knew that his instructions were being carried out by appellee, and thereafter accepted the work as done by him. For which reasons, it seems to us by the plainest principles of justice and right he should be compelled to pay reasonable compensation for the extra time required.

The following charge was requested by appellant which was refused by the court and is assigned as error: "You are charged that under the terms of the contract between plaintiff and defendant, as testified to by the plaintiff, neither the time which was required to erect the building in question, nor the amount of money to be expended thereon, were of the essence of the contract; and therefore plaintiff is not entitled to recover, except such amount as you find to be unpaid balance of the said $1,250, and you are instructed to return a verdict for the defendant." This charge was properly refused, because it was tantamount to a

peremptory instruction in behalf of appellant.

[3] Special charge No. 3 was properly refused, for the reason that the features of this charge were embraced in and covered by the main charge of the court; and the latter part thereof, directing the jury to disregard the argument of counsel, should not have been given, because there was no bill of exception reserved to the argument of counsel, and without which this court has no means of knowing whether counsel made the remarks attributed to him or not.

Finding no error in the judgment of the trial court, it is in all things affirmed.

Affirmed.