MOTT v. SPRING GARDEN INS. CO.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 8, 1913.)

1. INSURANCE (§ 658*) — FIRE INSURANCE— ACTION ON POLICY—EVIDENCE.

In an action on a fire policy, evidence that plaintiff objected to the local authorities investigating the fire was admissible on the issue whether the fire had been started by him.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1689, 1690, 1693, 1694; Dec. Dig. § 658.*]

2. APPEAL AND ERROR (§ 738*)—ASSIGNMENT OF ERRORS—SUFFICIENCY—EVIDENCE.

An assignment of error to the admission of the testimony of a certain witness as a whole could not be sustained where part of such testimony was admissible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3033; Dec. Dig. § 738.*]

**3. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—EVIDENCE.**

Error in admitting certain testimony of defendant's witness, in an action on a fire policy, is not reviewable where, so far as the record shows, other evidence to the same effect was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

**4. INSURANCE (§ 658*) — FIRE INSURANCE— ACTION ON POLICY—EVIDENCE.**

Where, in an action on a fire policy, the plaintiff testified that he offered to sell the property, including the house which burned, for $2,000, evidence that the market value of the lot was from $2,000 to $2,500 was properly admitted as tending to show that plaintiff considered the house of little value, and thus show a possible motive for burning the house.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1689, 1690, 1693, 1694; Dec. Dig. § 658.*]

**5. NEW TRIAL (§ 108*) — GROUNDS — NEWLY DISCOVERED EVIDENCE.**

In an action on a fire policy, it was not error to refuse a new trial because of newly discovered evidence, where it did not appear that such evidence would probably induce a different verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

**6. INSURANCE (§ 646*) — FIRE INSURANCE— ACTION ON POLICY—EVIDENCE.**

In an action on a fire policy, the defendant was bound to establish its defense that plaintiff set fire to the insured property to collect the insurance by a preponderance of the evidence, but not beyond a reasonable doubt.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by W. N. Mott against the Spring Garden Insurance Company. From judgment for defendant, plaintiff appeals. Affirmed.

E. N. Kirby, Kirby & Davidson, and J. F. Cunningham, all of Abilene, for appellant. Ben L. Cox, of Abilene, for appellee.

DUNKLIN, J. W. N. Mott instituted this suit against the Spring Garden Insurance Company to recover $1,250, the amount named in a fire insurance policy issued by the defendant upon a certain dwelling house owned by him, situated in the town of Abilene. He alleged that the house was destroyed by fire while the policy was in force, and that the house was worth $1,500. In addition to a general demurrer and a general denial, the defendant pleaded specially that the policy upon which the suit was instituted, together with another policy issued by another company upon furniture in the house for $750, which was in excess of the value of the furniture, were procured by the plaintiff with the fraudulent design and purpose to burn the house and its contents, and to thereby defraud the companies issuing the policies, and that thereafter plaintiff burned, and procured the burning of, the house and

its contents. Upon the trial, the defendant admitted that plaintiff had a good cause of action, as set forth in his petition, except in so far as it might be defeated in whole by the facts set out in the special plea of fraud contained in its answer and established by proof, constituting a valid defense, and claimed the right to open and conclude the introduction of evidence and argument of the case. A judgment was rendered in favor of the defendant, and the plaintiff has appealed.

The proof showed that the fire destroyed the house and contents.

[1] T. C. Weir, sheriff of Taylor county, in which the property was situated, was introduced as a witness for the defendant and testified that, in his investigation to determine the origin of the fire, he saw the plaintiff on the morning after the fire, and took him to the county attorney's office where he was questioned concerning the incidents which witness thought might bear upon the cause of the fire. Over plaintiff's objection, he was then permitted to testify as follows: "I asked him (plaintiff) if he would like for the officers here to find out who was destroying his and Charlie's property here in this town by fire. I asked him if he would like for the officers to investigate his fires he had had. He said, 'By God,' he would not. He said he was getting tired of people accusing him of destroying his property. He said he had never had but this fire. I says, 'Isn't it a fact that you had a house destroyed out here near the Christian College?' He said he believed he did have, but that Hasha was the contractor, and the insurance was made to Hasha, and he never received a cent out of it. I says, 'Is it not a fact that you had a house destroyed west of Grape street on the car line, and out some distance west of Grape street, fronting on the south, fronting south on the car line; that you received a good big payment on the place, and the house was insured in your favor, and shortly after the man moved there the house was burned?' He said he believed that was a fact. I asked him who it was that had bought that place, and he said he did not know, he had forgotten. I said, 'Haven't you any record of it?' and he said, 'No, I have not.' I says, 'Isn't it a fact that you sold that house to that man and got the insurance and threw the papers away, the contract away?' and he says, 'Well, I don't know what became of it, and I don't know the man's name.'" The objection urged to the admission of this testimony was as follows: "Because as to any other fires than the one in controversy it was irrelevant and immaterial and calculated to prejudice the minds of the jury against the plaintiff." Charlie, referred to by the sheriff in the testimony quoted, was plaintiff's son. Plaintiff's unwillingness for the officers to investigate the fire which destroyed his own property was certainly ad-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

missible upon the plea that that fire had been started by him.

[2] The objection was made to the testimony as a whole; and, if a part of it was admissible, the assignment now under discussion could not be sustained, even though it should be held that other portions of the testimony were improperly admitted, a question which it is not necessary to decide.

[3] Furthermore, an affidavit made by the plaintiff before the county attorney soon after the fire, and containing substantially the same statements by the plaintiff as were testified to by Weir, was admitted in evidence, and no bill of exception to the admission of the same appears in the record. This furnishes an additional reason why appellant could not complain of the admission of the testimony of Weir relative to other fires.

[4] Error has been assigned to the admission in evidence, over plaintiff's · objection, of the testimony of T. M. Willis and Harry Tom King that the market value of the lot upon which the house was situated was from $2,000 to $2,500. The ground of the objection made was irrelevant and immaterial to any issue in the case. Plaintiff testified that he had offered to sell the property, with the house situated thereon, prior to the fire, for $2,000. In connection with this testimony, the proof of the value of the lot without the house showed a possible motive on the part of the plaintiff to burn the property, as it tended to show that the appellant considered the house of little value, and it was admissible on that issue. For the same reason there was no error in admitting the testimony introduced by the defendant, over plaintiff's objection, to show the condition and age of the house covered by the policy as that evidence bore upon the value of the house.

[5] G. B. Triplett, agent for the Oklahoma Fire Insurance Company, who issued the policy for $750 upon the furniture in the house, was introduced as a witness by the defendant. He testified that the fire occurred on Sunday, and on the Saturday before he issued the policy on the furniture. He further testified that, on the Friday next preceding the Saturday mentioned, plaintiff brought the policy sued on in this case to the witness for examination, with the request that the witness see that the policy correctly described the property upon which it was issued. Upon the hearing of plaintiff's motion for a new trial, this witness testified that, after looking the policy over, he was convinced that he made a mistake in saying that the policy in this suit was the one which plaintiff showed him; that his recollection of the facts testified to on the trial and referred to above had not changed, but that an examination of the policies convinced him that he had made a mistake in his testimony; that he is now convinced that that particular inquiry was made after the fire, and had reference alone to the policy issued upon the furniture, and not to the policy issued upon the house. However, upon the hearing of the motion for new trial, he further testified that plaintiff did bring to the witness a batch of insurance policies on Friday preceding the fire, and discussed the description of the lot that his house was located on in some policy on that day. Appellant has assigned error to the action of the court in overruling the motion for new trial, based in part upon this newly discovered evidence of the witness Triplett. The testimony that plaintiff did discuss the description of the lot upon which the house is situated, as contained in some policy which he then held, would have substantially the same effect as the testimony given by the witness upon the trial that the inquiry had reference to the policy now in suit. At all events, we are unable to say that the newly discovered evidence would probably induce a verdict in plaintiff's favor upon another trial, and hence the assignment now under discussion is overruled.

[6] Appellant urgently insists that the evidence is insufficient to support the verdict. The court charged the jury, in effect, that, if the defendant's plea of fraud had been sustained by a preponderance of the evidence, a verdict should be returned for the plaintiff. Appellant insists that, as the charge of fraud involved a charge of a criminal offense, the jury should have been instructed that the presumption of innocence should be indulged in plaintiff's favor. He insists that, he himself having testified in a most direct and positive manner that he did not burn the house, his guilt cannot be shown even in this, a civil action, by the circumstances proven, all of which are entirely consistent with his innocence, and, taken as a whole, do not exclude every other reasonable hypothesis, except that of his guilt. While this is substantially the rule in criminal prosecutions, it is a familiar rule that fraud, which is the basis of many different characters of civil actions, may be established by circumstantial evidence; in fact, it frequently happens that such is the method of establishing it. Even a criminal offense may be established by circumstantial evidence alone. We think that the circumstances relied on by the defendant to establish its plea of fraud in this case were sufficient to support the verdict. We do not understand the law to be that a charge of fraud in a civil action, even though it involved a charge that a crime had been committed, must be sustained by evidence beyond a reasonable doubt, as in a criminal prosecution. Of course the presumption of innocence of fraud must be indulged; but the plaintiff was given the benefit of that presumption by the charge of the jury that the burden was on the defendant to sustain the defense of fraud by a preponderance of the evidence.

The case of Dwyer v. Continental Ins. Co., 57 Tex. 181, was one for the recovery of the amount of fire insurance policy; and

one of the defenses pleaded was that the insured had burned the house for the purpose of defrauding the company issuing the policy. In that case there was no admission by defendant of plaintiff's right to recover, except as defeated by the facts pleaded and proven by defendant, as was done in this case; and hence the burden was upon plaintiff to make out his case in toto. The court charged the jury that the burden was upon the plaintiff to prove, among other things: "That the loss was an honest one; that is, that it was owing to causes not traceable to A. M. White (the insured) nor to his agency." The court refused an instruction requested by the insured that the burden was upon the company to show that the loss was caused by the fraudulent act or procurement of the insured. In overruling the assignment based upon the refusal of that instruction, our Supreme Court said: "There is nothing in the contract of insurance which takes it out of the ordinary rule in an action to recover the amount of the loss covered by the policy. The general rule is 'that the obligation of proving any fact lies upon any party who substantially asserts the affirmative of the issue.' 1 Greenleaf, § 74. Such is the rule in this case." Thus it will be seen that, notwithstanding the usual presumption of innocence of crime, the plaintiff in that case was not relieved of the burden of proving that he did not burn the house.

The judgment is affirmed.