SHEAR v. BRUYERE. (No. 5532.) *

(Court of Civil Appeals of Texas. Austin. April 5, 1916. Rehearing Denied May 17, 1916.)

1. CONTRACTS ⬤⟹332(1)—ACTION—SUFFICIENCY OF PETITION—DEFINITENESS.

In action for extra services in superintending building, petition alleging it would have taken 8 or 9 months to perform the work as originally planned and specified, whereas it required 18 to 19 months because of the alterations, *held* sufficiently specific.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1616–1618, 1619½, 1620; Dec. Dig. ⬤⟹332(1).]

2. CONTRACTS ⬤⟹232(3) — EXTRA WORK — BUILDINGS—CONTRACTS TO SUPERINTEND.

In such action plaintiff could recover reasonable compensation for extra services in superintending the building and additional improvements, performed at defendant's assistance, if such extra services were not provided for by his contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1075½, 1077, 1087, 1088, 1092; Dec. Dig. ⬤⟹232(3).]

3. CONTRACTS ⬤⟹346(3)—BUILDING CONTRACT—ACTION—ISSUES, PROOF, AND VARIANCE.

In an action for extra services in superintending building, where plaintiff sues therefor in the alternative upon either express or implied contract, evidence as to reasonable value of such services is admissible.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1719; Dec. Dig. ⬤⟹346(3).]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by E. H. Bruyere, against H. H. Shear. From a judgment for plaintiff, defendant appeals. Affirmed.

J. D. Williamson, of Waco, for appellant. S. E. Stratton and J. N. Gallagher, both of Waco, for appellee.

RICE, J. About the 1st of July, 1909, appellant, who contemplated the erection of a residence at Fifteenth and Columbus streets in the city of Waco, employed appellee to superintend the construction thereof in ac-

cordance with plans and specifications prepared by M. W. Scott, architect. During the course of the construction much extra work was done in connection with said building, as well as constructing numerous other improvements on said lot, not originally contemplated by the plans and specifications, and this suit is brought by appellee to recover extra compensation for additional personal services in superintending same, alleging that at the time of making the contract appellant represented to him that the residence was to be erected in accordance with such plans and specifications, and that he contemplated that the building would cost from $20,000 to $25,000, whereupon he entered into a contract with appellant by which he agreed to perform the service of superintending same for the sum of $1,500, but alleging that it was expressly understood that, in the event the building should cost more than $25,000, then appellant agreed that he would pay an additional compensation to him, commensurate with the increased cost of the building. He further alleged that during the construction of such work appellant made many additional alterations and charges therein, all of which appellee was called upon to and did superintend, the details of which were specifically set out, and alleged that he was likewise called upon to superintend the construction of various other improvements on appellant's lot, among others, a barn, garage, servant's house, and numerous other improvements, which were likewise specifically set out in the petition— alleging that the work could and would have been completed within a period of 8 or 9 months, if done in accordance with the Scott plans and specifications, but that it in fact took from 18 to 19 months to complete same, all of which was rendered necessary by reason of such alterations and additions; that the total cost of the residence and improvements amounted to the sum of $50,000, whereby he was entitled to the additional sum of $1,500, as per contract; or, in the alternative, for the sum of $1,500 for the erection of the residence and the reasonable value of his time, labor, skill, and attention to such additional work, which he alleged was of the value of $1,500. He further alleged that the other improvements outside of the residence were not embraced in the contract, and that if for any reason he should be denied pay for them and the outside work at the rate of 6 per cent., as prayed for, then that he was entitled to receive pay for the reasonable value of his services, which he alleged to be $700.

As shown by his brief, appellant answered, admitting the employment of appellee as alleged, and that he superintended the erection of the buildings and improvements constructed by him, and likewise admitted that all of such improvements cost about $50,000,

and that some changes and alterations were made in the residence during the time of erection and construction, but denied that he had ever represented to appellee that such improvements would only cost $25,000; that he agreed to pay appellee the sum of $1,500 for superintending the work, and $200 as additional compensation for the services for the extra work, which was agreed to by appellee, all of which was paid by him to appellee, who accepted the same in full payment for his services, whereby he did not owe him anything. He further pleaded that a number of the items which appellee alleged were extras were embodied in and called for by the plans and specifications, for which appellee was not entitled to additional compensation, and that the changes and alterations in the residence were not of such a character as to increase the services of appellee or lengthen the time for the erection of the building, and that the work and labor done in such changes were performed by contractors and laborers hired and paid by appellant to perform same, causing the expenditure of no additional time or labor on the part of appellee, for which reason he had no claim or demand upon appellant therefor.

The case was submitted to the jury on a general charge, and a verdict (which finds support in the evidence) was returned in favor of appellee for the sum of $1,300, upon which judgment was entered, and from which this appeal is prosecuted.

[1] A special exception was addressed to the petition on the ground that it failed to allege the increased cost of such extra work and the extra time necessarily spent on such work or the value thereof. This exception was overruled, which action of the court is assigned as error. In suits of this character we think the petition was sufficiently specific. It would have been impracticable and unnecessary to set out, with more minute detail, the time required and the cost of making each of the many changes, alterations, and additions, as well as appellee's services rendered in connection with such changes. Appellee did allege that it would have taken from 8 to 9 months to perform the work in accordance with the original plans and specifications, whereas it required from 18 to 19 months by reason of the alterations and additional work. We think this was all that was necessary. See Shook v. Peters, 59 Tex. 395; Wilkins v. Ferrell, 10 Tex. Civ. App. 231, 30 S. W. 450–451; Stuart v. Broome, 59 Tex. 468; Chandler v. Meckling, 22 Tex. 36 to 42.

[2] The second, third, fourth, and fifth assignments of error might be disregarded by us, because the action of the court in giving the charge complained of, as well as refusing the special charges, was not properly excepted to as required by law. See Brooke Smith Co. v. Dennis, 175 S. W. 807, St. Louis S. W. Ry. Co. v. Wadsack, 166 S. W. 42, G., C. &

S. F. Ry. Co. v. Loyd, 175 S. W. 721, and Floegge v. Meyer, 172 S. W. 194.

But, waiving this failure on the part of appellant, we think it is only necessary to say that no error was committed by the court in its main charge, as complained of in the second assignment, because there was ample evidence that warranted the court in giving it. This charge permitted the jury to render a verdict for appellee for reasonable compensation for the extra services performed in superintending the building and additional improvements, if they should believe that payment for such extra services was not provided for by the contract, provided same had been performed at the instance of appellant. See Smith v. Bruyere, 152 S. W. 813 (and authorities therein cited), where it was held that, notwithstanding plaintiff expressly contracted to superintend the construction of a building in consideration of a lump sum, still, if the owner made changes during the progress of the work, requiring longer time to complete the building than originally contemplated, and the work was done with the owner's knowledge, plaintiff could recover extra compensation for such additional services. We have examined the line of authorities cited by appellant, but deem them inapplicable under the authority of the above case, which we believe announces the correct doctrine.

The third assignment urges that the court erred in failing to give special charge No. 1, as follows:

"I charge you that no evidence was introduced as to the cost of any of the changes or alterations made in said building, and there is no evidence as to its requiring any additional time in the completion of said building by reason of making said changes or alterations. You are therefore instructed to find for defendant."

This charge was properly refused (1) on the ground that it was equivalent to a peremptory instruction in favor of appellant, and was not authorized under the evidence; (2) because there was ample evidence to show that the extra work and improvements required extra time and attention on the part of appellee, and the proof established the reasonable value thereof.

The fourth assignment urges that the court erred in failing to give special charge No. 2, as follows:

"I charge you that if you find from the evidence that the plaintiff under his contract was to devote all of his time to superintending the Shear house and the Smith house during the time of their construction, and you further find that the changes and alterations as made, under the evidence, did not increase the time for completion of the job, or should not, with reasonable diligence have increased the time for the completion thereof, then you will find for defendant."

Appellee insists that this charge was properly refused, because all of the evidence showed that the changes, alterations, additions, and additional buildings and improvements did necessarily increase the time for the completion of the entire job, and also re-

quired skill, attention, and labor on the part of appellee, for which he is entitled to be compensated, regardless of whether additional time was required or not. We agree with this contention, and hold that the charge was properly refused, because the features therein presented were fully covered by the main charge.

[3] The sixth assignment, in effect, urges that the court erred in permitting the witness Bruyere, over appellant's objection, to testify as to the reasonable compensation or value of the services of a supervisor for the erection and construction of a house, because it is contended that the suit was based solely upon a contract for such services, and therefore it was not permissible to show what the services were reasonably worth. This testimony was properly admitted, because appellee had sued in the alternative on a quantum meruit. Furthermore, the witness Harrison, without objection, was permitted to give like testimony. This being true, error cannot be pedicated thereon. See M., K. & T. Ry. Co. of Texas v. Sullivan, 157 S. W. 193; Mott v. Spring Garden Ins. Co., 154 S. W. 658; Loftus v. King, 23 Tex. Civ. App. 36, 56 S. W. 109; G., H. & S. A. R. R. Co. v. Heard, 91 S. W. 371.

The seventh, eighth, nineth, tenth, and eleventh assignments of error complain of the verdict of the jury as being contrary to the law and the evidence. These were matters for the consideration of the jury. The court, in a clear and admirable charge, presented both appellant's and appellee's theory of the case, and, there being evidence to support their verdict, we do not feel called upon to set it aside.

The remaining assignments have been considered, and are regarded without merit, for which reason they are all overruled.

Finding no error in the proceedings of the trial court, its judgment is affirmed.