WILLIAM H. GIBSON, Respondent, *v.* BASIL H. GUNN, Appellant.

Second Department, November 2, 1923.

Motor vehicles — action to recover for personal injuries suffered by plaintiff who was struck by defendant's automobile — evidence — motion picture showing defendant, who was vaudeville performer, in dance act is incompetent evidence.

In an action to recover damages for personal injuries suffered by the plaintiff when he was struck by the defendant's automobile, it appeared that the defendant, who was a vaudeville dancer and performer, was injured prior to the accident complained of in this action, and that he had an artificial leg which did not prevent him from carrying on his work.

*Held,* that it was reversible error to permit the introduction in evidence of a motion picture, over the objection of the defendant, showing a vaudeville performance in which the plaintiff was dancing at a time after he had procured his artificial leg and before the present accident, since it brought before the jury irrelevant matter, hearsay and incompetent evidence and was a radical departure from the rules of evidence; and that a new trial should be granted.

KELBY and YOUNG, JJ., dissent in part.

APPEAL by the defendant, Basil H. Gunn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of October, 1922, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 18th day of October, 1922, denying the defendant's motion for a new trial made upon the minutes.

This is an action to recover for personal injuries suffered by the plaintiff when he was struck by defendant's automobile. Prior to the accident the plaintiff, who was a vaudeville dancer and performer, lost his left foot which was amputated about five inches above the ankle. He procured an artificial leg and was able to continue his career as a theatrical dancer and performer. His vaudeville act opened with a motion picture which was exhibited to the jury on the trial over the objection of defendant's counsel. In this picture there was first projected on the screen a poem and then the picture showed the plaintiff on crutches walking along the street. He stopped in front of a shop and looked at a row of artificial limbs in a window. Then the picture showed him entering the shop and later leaving it and walking down the stairs and up the street. The next scene showed the plaintiff meeting two friends who were dancers and who did certain tricks which the plaintiff imitated and in addition did stunts himself which the others refused to attempt because they were too hard.

*Theodore H. Lord* [*Howard C. De Silva* with him on the brief], for the appellant.

*Arthur F. Driscoll* [*Joseph Walker Magrauth* with him on the brief], for the respondent.

PER CURIAM:

We think the introduction in evidence over defendant's objections and exceptions of a moving picture of plaintiff's performance in a vaudeville entertainment prior to the accident in which the injury was sustained, constituted reversible error. Aside from the fact that moving pictures present a fertile field for exaggeration of any emotion or action, and the absence of evidence as to how this particular motion picture film was prepared, we think the picture admitted in evidence brought before the jury irrelevant matter, hearsay and incompetent evidence, and tended to make a farce of the trial. The plaintiff's ability as a vaudeville performer was not the issue, and his eccentric dancing, comic songs and the dialogue and remarks of his fellow-performers had no place in the trial in the Supreme Court of the State of the issues presented by the pleadings. The effect of this radical departure from the rules of evidence is found in the excessive verdict returned by the jury.

The judgment should be reversed upon the law and the facts, and a new trial granted, with costs to abide the event.

KELLY, P. J., RICH and MANNING, JJ., concur; KELBY and YOUNG, JJ., dissent, and vote to reverse, unless within twenty days plaintiff stipulate to reduce the amount of the verdict from $10,000 to $5,000; in which event the judgment, as so modified, and the order are affirmed, without costs.

Judgment and order reversed upon the law and the facts and new trial granted, with costs to abide the event.