## FIRE ASS'N OF PHILADELPHIA v. NAMI et al.

No. 9471.

Court of Civil Appeals of Texas. San Antonio.

Dec. 12, 1934.

Thompson, Knight, Baker & Harris, of Dallas, T. M. West, of San Antonio, and Robt. Lee Guthrie, of Dallas, for plaintiff in error.

Herman G. Nami and Frank B. Vaughan, both of San Antonio, for defendants in error.

MURRAY, Justice.

Pete Bilidas and Herman G. Nami instituted this suit against the Fire Association of Philadelphia. Bilidas and Nami, defendants in error herein, alleged that they were the assignees of a certain policy of fire insurance issued by Fire Association of Philadelphia to Bill Pappas and E. Theo Harris, insuring certain personal property against the hazard of fire. Pappas and Harris were engaged in the restaurant business at Robstown, Nueces county, and the insurance policy covered the furniture, fixtures, and equipment located in this restaurant. During the effectiveness of the policy the restaurant was destroyed by fire, but the loss was not a total loss; the property having some value after the fire. The principal defense relied upon by the Insurance Company was that of arson.

The trial was to a jury and, upon the answers of the jury to the issues submitted to them, judgment was rendered in favor of Bilidas and Nami and against the Insurance Company for $1,200, the full amount of the policy. The Insurance Company, by writ of error, presents this appeal.

■ Fire Association of Philadelphia, plaintiff in error, hereinafter referred to as Insurance Company, first complains of the action of the trial judge in refusing to submit to the jury its defense of arson. There is evidence to the effect that Harris and Pappas had purchased the furniture, fixtures, and equipment used in the cafe for the sum of $4,000; that they had, at the time of the fire, insurance

amounting to $9,000; that Pappas had purchased two or three dozen rolls of toilet paper and two .five-gallon cans of kerosene oil the day before the fire; that the fire was unquestionably of incendiary origin; that after the fire the two cans of kerosene were found in the attic of the property that burned, and that near the cans were found rolls of toilet paper, of the same brand as that purchased, saturated with kerosene; that the fire started in the attic; that after the fire was put out one of the insured took a long pole and tried to turn one of the cans over, which could be seen in the attic. This evidence was, sufficient to raise a fact issue, and the question of arson should have been submitted to the jury. Mott v. Spring Garden Ins. Co. (Tex. Civ. App.) 154 S. W. 658; Fire Ass'n of Philadelphia v. Weathered (C. C. A.) 54 F.(2d) 779; Transcontinental Ins. Co. of N. Y. v. Frazier (Tex. Civ. App.) 60 S.W.(2d) 268.

It is true that the testimony of Clements, who testified about the sale of the kerosene and the toilet paper, was attacked by showing ill feeling on his part against Harris and Pappas, but the question of the credibility of this witness was for the jury to pass upon. Pappas absolutely denied purchasing the kerosene, and thus there was a direct conflict of testimony for the jury. If the jury should have concluded from the evidence that Pappas did in fact purchase the kerosene, and then falsely denied the fact under oath, a stronger circumstance would have been established than if Pappas had said nothing about the kerosene or had admitted its purchase, and given an innocent explanation which was not successfully contradicted. In other words, there was evidence here which, if believed by the jury, would have supported a finding that the insured either set fire to their own property or procured the same to be done. There was much evidence offered by Bilidas and Nami, tending to explain and dispute the defense of arson; but this, too, only raises jury questions.

By its second proposition the Insurance Company complains of the action of the trial court in permitting the witness Lynberry to read from a memorandum while testifying to the articles of insured property and their value before and after the fire. .It appears that Lynberry had a list of all the property in the restaurant, together with its value before and after the fire. This list was dictated to Herman G. Nami by the witness more than two years after the fire. Nami was one of the plaintiffs below, and an attorney 'in the case. Lynberry testified that at one time he knew the list was correct, but he was un-

able to refresh his memory from the list. He could only read from it. Proper predicate was not laid for the introduction of this memorandum.

There seem to be two well-established uses of memoranda. The first is that of a memorandum used merely to refresh the memory, and which does refresh the memory, and thereby enables the witness to testify from his refreshed recollection. The other is where the witness is unable to refresh his memory, even after referring to the memorandum, and he merely attempts to testify to the facts contained in the memorandum because he at one time knew it to be correct. In the latter instance it is required that the memorandum must have been made by the witness, or prepared under his direction, and made contemporaneously with the occurring of the event to which it relates, and the witness must be able to testify that at the time he knew the memorandum to be correct. Jones on Evidence (2d Ed.) p. 1127, § 881.

There is a rule, sometimes recognized, that the recording does not have to be done contemporaneously with the happening of the event, but must have been done within such time after the happening of the event as to insure that the recollection of the witness was fairly fresh. Wigmore on Evidence (2d Ed.) vol. 2, p. 20, § 745. The predicate herein laid did not bring the evidence within this more liberal rule.

The following is stated in Jones on Evidence (2d Ed.) p. 1126, § 879: "Mr. Taylor suggests that, 'if the witness will swear positively that the notes, though made ex post facto, were taken down at the time when he had a distinct recollection of the facts there narrated he will in general be allowed to use them, though they were drawn up a considerable time after the transactions had occurred.' But, if there are any circumstances casting suspicion upon the memoranda, the court should hold otherwise, as where the subsequent memorandum is prepared by the witness at the instance of an interested party or his attorney, or if the memorandum has been revised or corrected by such party or attorney."

By its third proposition the Insurance Company complains of the judgment being excessive; but, as sufficient facts are not set out to enable us to properly pass upon this proposition, and as the matter will not probably arise upon another trial, we will not pass upon this proposition.

The judgment of the trial court will be reversed and the cause remanded.