**GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD., Appellant,**

v.

**H. L. CAMP, Appellee.**

No. 13496.

Court of Civil Appeals of Texas.

Houston.

July 20, 1961.

Rehearing Denied Sept. 7, 1961.

E. H. Patton, Jr., Chilton Bryan, Houston, for appellant.

Frank Abraham, W. James Kronzer, Houston, Hill, Brown, Kronzer & Abraham, Houston, of counsel, for appellee.

WERLEIN, Justice.

This is a workman's compensation suit brought by appellee, Harold L. Camp. From a judgment based on a jury verdict finding total and permanent disability, appellant appeals.

■ Appellant first complains that the court erred in refusing to admit the testimony of Dr. Russell regarding his x-ray examination and findings as to the condition of appellee's back about five years before the accident giving rise to this suit. Dr. Russell, called by appellant, testified that he made an x-ray examination of the lumbar spine of Harold L. Camp May 28, 1951 on referral of the patient to him by Dr. Hamrick; that the x-rays were made under his general charge and supervision by one of his technicians, and that he read them and wrote a report of what the x-ray examination reflected; that at the time Mr. Camp was employed by Sheffield Steel; that at the time a copy of his report went to the American General Insurance Company; and that the x-rays were not available and had been destroyed since they did not retain them more than five years, but that they did keep all reports covering x-ray examinations.

He further testified as follows:

"Q. You have no recollection except this piece of paper what the x-ray showed? A. I have only what is down there.

"Q. No independent memory? A. No, sir.

■ Appellee's objection to the doctor bringing in a piece of paper and not the x-rays themselves, and testifying therefrom, was sustained by the court. Although appellee's objection to the admission in evidence of the doctor's testimony and of the piece of paper was rather general, the court's ruling excluding the same will be upheld since such exclusion was justified on valid grounds, as shown hereinafter. This Court will assume that the trial court's ruling was based on such grounds. McCormick and Ray, Texas Law of Evidence, Vol. 1, § 25, and authorities cited; 88 C.J.S. Trial § 124b, p. 251; White v. Hasburgh, Mo.App.1939, 124 S.W.2d 560; Jettre v. Healy, 1953, 245 Iowa 294, 60 N.W.2d 541.

In the absence of the jury, further testimony was given by the doctor in connection with appellant's bill of exceptions. The doctor testified unequivocally that he did not recognize appellee; that he had no recollection except the piece of paper as to what the x-rays showed; that he had only what was down there, and had no independent memory; that all he could give the court was what he had written "down there," which was his finding at the time in 1951 when he interpreted the x-rays. Since the writing in question was not shown to refresh the doctor's memory and he was unable to testify from present recollection after reading it, his testimony was properly excluded. McCormick and Ray, Texas Law of Evidence, 2nd ed., Vol. 1, §§ 548–555, inclusive.

Appellant urges the relevancy of the excluded testimony and contends also that since the x-rays had been destroyed, the doctor's report of his examination thereof was admissible either as original or secondary evidence. It cites Maryland Casualty Co. v. Dicken, Tex.Civ.App. Dallas, 1935, 80 S.W.2d 800, error dism.; American Nat. Ins. Co. v. Points, Tex.Civ.App.1935, 81 S. W.2d 762, error dism.; Federal Underwriters Exchange v. Rigsby, Tex.Civ.App. 1939, 130 S.W.2d 1105, writ dism., judgm. cor.; Texas Employers Ins. Ass'n v. Crow, Tex.Civ.App., 218 S.W.2d 230, affirmed 1949, 148 Tex. 113, 221 S.W.2d 235, 10 A.L. R.2d 913; McCormick and Ray, Texas Law of Evidence, § 1561.

■ Although the assignment of error is probably insufficient to raise the question of any error on the part of the court in exclud-

ing the memorandum or piece of paper in question, we shall nevertheless briefly refer to appellant's contention. Under the weight of authority and better reasoning, an original report or memorandum of what x-rays disclose is secondary evidence. It is admissible if properly proven and shown to be competent. Texas Employers Ins. Ass'n v. Crow, supra; Mercantile National Bank at Dallas v. Wilson, Tex.Civ.App.1950, 279 S.W.2d 650, writ ref., n. r. e. In order for the memorandum which the doctor had with him in court to be competent, it had to be receivable under some rule of evidence authorizing its admission. Aetna Insurance Company v. Klein, 1959, 160 Tex. 61, 325 S.W.2d 376, 380, 381; Richards v. Rule, Tex.Com.App.1919, 207 S.W. 912.

■ It is our view that the writing was not admissible in evidence. It was not an original writing but purported to be a copy made by the doctor or someone in his office in 1959 of a copy of the report made by the doctor of his examination of the x-ray taken in 1951. It was not shown that the original report and record could not be produced. Indeed, the evidence shows that the office copy was in the doctor's possession and hence could have been brought into court. The original report was presumably in the possession of Dr. Hamrick. It may have been admissible in evidence if it had been brought into court and properly proven as being the original report provided it was made contemporaneously with the examination of the x-ray pictures. Instead of bringing such report or record, the doctor presented in court only a copy of his office copy of the report, and such piece of paper or memorandum was not made until 1959. Competency, under the "past recollection recorded" rule requires that the original writing be used or its absence accounted for before a copy of such writing may be received. Mel-Mar Company v. Chemical Products Company, Tex.Civ.App. 1954, 273 S.W.2d 126, writ ref. n. r. e.; Community Public Service Co. v. Gray, Tex.Civ.App.1937, 107 S.W.2d 495; Eppler v. Brown, Tex.Civ.App.1895, 30 S.W. 710.

Moreover, the rule of "past recollection recorded" requires that the memorandum must have been made at or near the time, or events, related therein. The date of the original report was not shown, and the copy in question was made in 1959. 1 McCormick and Ray, Texas Law of Evidence, 2nd ed., § 543; Rice v. Ward, 1900, 93 Tex. 532, 56 S.W. 747; Fire Association of Philadelphia v. Nami, Tex.Civ.App., 77 S. W.2d 260; Jones on Evidence, 2nd ed., p. 1127 § 881.

■ It is clear that under the evidence in this case, the piece of paper in question was not admissible as a "past recollection recorded," nor was it admissible either under the "shop book" rule, or Art. 3737e, Vernon's Ann.Tex.Civ.St.

■ Appellant next complains that the court erred in refusing to permit the showing of motion pictures of appellee doing manual labor. Appellant's witness, John S. Gordon, who was the operations manager of the Central Division of Advanced Detective Bureau, testified that he took over as manager of the Houston office on January 12, 1959 and went over all the records, including a file on appellee. In the file were the motion pictures designated in the record as Defendant's exhibits 21 through 27 in the Bill of Exceptions. Mr. Gordon testified that he did not personally take the motion pictures and that the man who actually took them was in Illinois and not available to testify. He further testified the films were a part of his company's official records. At another point when asked, "These are business records, are they?" he answered, "No."

Mr. Gordon was not working in the Houston office of the Detective Agency at the time the movies were taken. Although he did express the opinion that he could make identification of the plaintiff in two of the seven films, he could not swear that the pictures were full, complete and accurate pictures of what was taken at the time. When asked, "What conclusion did you come to from being around the court room

and seeing Mr. Camp as to whether he was or was not the person shown in the film?" he testified, "I think Mr. Camp is the person." He further testified when asked if he could identify Mr. Camp as the man in the pictures that "In certain reels I couldn't do it under oath—just blanket, but some of them," and that one of the pictures showed Mr. Camp in the station wagon and running along the street and hooking up the trailer, but as to the other pictures he could give an opinion but he wouldn't swear to it. Of his own knowledge he didn't know when the pictures were taken.

Appellee, when asked whether he was telling the court that it was not he in any of the pictures, testified, "I didn't say that, I said I didn't believe it is, and I don't," and also, "I don't believe, I don't know." He further testified that there was nothing in the pictures familiar to him in any way, shape or form as being him.

The court apparently refused to permit the introduction of the pictures because appellee was not sufficiently identified as the person shown therein, and also because there was no proper authentication of the pictures or evidence that they correctly reflected what they purported to represent.

We have viewed the motion pictures. In our opinion the court properly excluded them, both on the ground of insufficient identification and lack of authentication. In any event, we cannot say that the court abused his discretion in excluding them. The following language used by the court in Massachusetts Bonding & Ins. Co. v. Worthy, Tex.Civ.App.1928, 9 S.W.2d 388, 393, writ dism., is applicable to the instant case:

"We are not prepared to say that the court abused his discretion in ruling as he did. * * * It is a matter of common knowledge that pictures showing a person in action may be made very deceptive by the operation of the machine used in taking the pictures. The subject of the pictures in this instance was before the jury, and the nature and extent of his injuries were fully inquired into. He admitted doing the only labor which appellant relied on to disprove the claim of total disability. We think the court correctly refused to admit the pictures. Gibson v. Gunn, 206 App.Div. 464, 202 N.Y.S. 19; Rodick v. Maine Cent. Ry. Co., 109 Me. 530, 85 A. 41; 22 Corpus Juris, 914."

█ In support of the rule that the trial judge is accorded considerable discretion in ruling on the admission or exclusion of photograph evidence, see City of Fort Worth v. Barlow, Tex.Civ.App.1958, 313 S.W.2d 906, writ ref., n. r. e.; Texas Employers Ins. Ass'n v. Agan, Tex.Civ.App. 1952, 252 S.W.2d 743, writ ref.; 62 A.L.R. 2d at page 689; Richardson v. Missouri-K-T R. Co. of Texas, Tex.Civ.App.1947, 205 S.W.2d 819, writ dism.

With respect to authentication of motion pictures, see Richardson v. Missouri-K-T R. Co. of Texas, supra, and also the annotation on the subject in 62 A.L.R.2d at pages 689, 692.

In the instant case appellee was before the jury and testified at length concerning the work that he had done after the accident in question. He admitted that he had been employed in the Maintenance Department of the City of Houston in 1958 at the time the pictures were taken, and testified as to the work that he did in connection with water pumps and valves. Indeed, if he is in fact the individual depicted in such pictures, they show him doing practically the identical work that he had testified that he had done when working for the City. Hence, even if it was error to exclude the pictures, we cannot say that such error was calculated to cause and probably did cause the rendition of an improper verdict or judgment. Rule 434, Texas Rules of Civil Procedure.

█ We agree with appellant that the court erred in decreeing that the judgment bear interest at the rate of 6% per annum

instead of 4%, compounded annually, as provided by Article 8306a, V.A.T.C.S., and also erred in providing that interest would run from February 13, 1959 to date of payment instead of from February 23, 1959 when the judgment was entered. We do not think that such error on the part of the court, however, should result in taxing any of the court costs against appellee, since appellant did not raise such point of fundamental error prior to this appeal. Undoubtedly had appellant called attention to the trial court of his mistake in providing in his judgment interest as was done, the court would have corrected the judgment so that it would bear interest at the proper rate and from the time the judgment was entered. See General Ins. Corp. v. Handy, Tex.Civ.App.1954, 267 S.W.2d 622, writ ref., n. r. e.

The judgment of the Trial Court is reformed to provide for interest at the rate of 4% per annum, compounded annually, from February 23, 1959 to date of payment. As reformed the judgment is affirmed, Associate Justice Coleman not sitting.